**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LEWIS MECHANICAL SALES, INC.,** | § | |
| | § | **Civil Case No. _____** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **NOTICE OF REMOVAL** |
| **DAVID GIRARD, Individually, and** | § | |
| **UNION STANDARD INSURANCE** | § | |
| **GROUP,** | § | |
| | § | **JURY REQUESTED** |
| **Defendants.** | § | |

**DEFENDANT BERKLEY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION**

*Nature of the Suit*

1.      Plaintiff Lewis Mechanical Sales, Inc. contends that Union Standard Insurance Group and David Girard failed to perform an adequate investigation of the insurance claim or claims related to the suit *Calallen Independent School District v. Lewis Mechanical Sales Inc., et al.,* Cause No. 2014DCV-6027-B; in the 117th District Court, Nueces County, Texas ("*Calallen* Suit" or "Underlying Litigation") and, as such, are liable for engaging in bad faith insurance practices under the Texas Insurance Code and common law.  Union Standard Insurance Group is not a legal entity, but is an unincorporated operating unit of Berkley Insurance Company.  For the purposes of clarity, Union Standard Insurance Group will be referred to as Berkley Insurance Company in this pleading.

*Procedural Background*

2.      On October 18, 2016, Lewis Mechanical Sales, Inc. ("Plaintiff"), filed Plaintiff's Original Petition, bearing Cause No. 2016-DV-5262-G to institute suit against the Defendants Union

Insurance Company and Union Standard Insurance Group, LLC in the 319th Judicial District Court, Nueces County, Texas, (the "*First* State Court Action").[1]  In the First State Court Action, Plaintiff Lewis Mechanical filed suit to recover its actual damages and attorney fees related to the *Calallen* suit which are the same actual damages and attorney fees being sought in the present litigation.[2]

3.       The First State Court Action was removed to the United States District Court for the Southern District of Texas—Corpus Christi Division, the Hon. Hilda Tagle presiding,  under Civil Case No. 2:16-CV-496.

4.       After Removal was filed, Plaintiff sought to include various other parties, including, to wit, the Defendants in this suit, David Girard and United Standard Insurance Group.[3]

5.       After numerous filings, including Plaintiff's Motion to Remand, Defendant's Response and Plaintiff's Reply to same, Judge Hilda G. Tagle on April 7, 2017 issued her Order denying Plaintiff's Motion to Remand.[4]  Judge Tagle's Order on April 7, 2017 also served as a ruling on various other pending Motions and held that the only proper Defendant remaining in the pending federal court action was Union Insurance Company, the insurance company who issued the policy at issue.[5]  Moreover, Judge Tagle found that due to the circumstances and the manner of the pleadings that Plaintiff Lewis Mechanical would always be barred under *Hensgens* factors from adding David Girard as a defendant to that suit.[6]

---

[1] *See* Exhibit E— Plaintiff's Original Petition, Cause No. 2016-DV-5262-G in the 319th JDC, Nueces County, Texas.
[2] In addition to the claims being made in the present litigation and the pending federal litigation, a claim for these same damages is also be pursued in another separate action by AAON, the manufacturer who on information and belief paid for Lewis Mechanical's defense in the underlying *Calallen ISD* suit. *See* Exhibit K—Plaintiff AAON's Amended Petition, Cause No. 2014DCV-6027-B, *AAON vs. CJO Enterprises, Inc. and Adsil, Inc.*
[3] *See* Exhibit F—Document 31—Second Amended Complaint, Case 2:16-cv-00496, *Lewis Mechanical vs. Union Insurance Company* (03/06/2017).
[4] *See* Exhibit G—Document 41—Order, Case 2:16-cv-00496, *Lewis Mechanical vs. Union Insurance Company* (04/07/17).
[5] *Id.*
[6] *Id.*

**DEFENDANT BERKLEY'S NOTICE OF REMOVAL – PAGE 2**

6.      Less than a week later, on April 13, 2017, and in a blatant attempt to circumvent Judge Tagle's ruling, Plaintiff Lewis Mechanical Sales, Inc. filed suit in Cause No. 2017DCV-1765-D, 105th Judicial District Court, Nueces County against Defendant David Girard and Union Standard Insurance Group (the **Second** State Court Action).  In the **Second** State Court Action, Plaintiff Lewis makes the same claims it had previously attempted to make in Amended Complaints in the still pending suit in Hon. Tagle's Court.[7]

7.      This Notice of Removal is timely, as it is being filed within thirty days of Union Standard Insurance Group's receipt of attempted service of Plaintiff's Original Petition in the Second State Court Action.[8]  In addition, this Notice of Removal is being filed within one year of the date that this suit was instituted.[9]

*Venue*

8.      Venue is proper in this district under 28 U.S.C. § 1446 (a) because this district and division embrace the place in which the removed action was pending and because Plaintiff alleges that a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.[10]

*Jurisdictional Basis for Removal*

9.      <u>Amount in Controversy</u>.  This Court has original jurisdiction under 28 U.S.C. §1332 over this civil action, in that it is a civil action where there is complete diversity of citizenship between all properly joined parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.  This action may be removed by Berkley Insurance Company under 28 U.S.C.

---

[7] *See* Plaintiff's Original Petition, *Lewis Mechanical Sales, Inc. vs. David Girard, Individually and Union Standard Insurance Group*, Cause No. 2017DCV-1765-D, 105th Judicial District Court, Nueces County, Texas, attached hereto as Exhibit "B."
[8] 28 U.S.C. § 1446(b).
[9] 28 U.S.C. § 1447(c)(1).
[10] *See* Exhibit B- Plaintiff's Original Petition, *Lewis Mechanical Sales, Inc. vs. David Girard, Individually and Union Standard Insurance Group*, Cause No. 2017DCV-1765-D.

**DEFENDANT BERKLEY'S NOTICE OF REMOVAL – PAGE 3**

§1441(b)(2) as there are no local defendants properly joined and because Defendant Berkley Insurance Company is not a citizen of the State of Texas.

10.     <u>Diversity Jurisdiction</u>.  A defendant may be disregarded as a party if the Court determines that its joinder is an improper device to defeat diversity jurisdiction and prevent removal.[11] "The presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity."[12]   Because there is no reasonable basis for this Court to predict that Plaintiff might be able to recover against David Girard, as is shown below, his presence should be disregarded in determining diversity jurisdiction.[13]

11.     Plaintiff Lewis Mechanical Sales, Inc. is a Texas corporation with its principal place of business in Texas, and is therefore a citizen of Texas

12.     "Union Standard Insurance Group" is an operating unit of Berkley Insurance Company and is not a separate legal entity. Berkley Insurance Company is corporation and a subsidiary of W.R. Berkley Corporation. Berkley Insurance Company employs the litigation specialists that adjust claims in Texas on behalf of Union Insurance Company, including the claim that forms the basis of this lawsuit.  W. R. Berkley Corporation is domesticated in the State of Delaware with its principal place of business in the State of Connecticut. "Union Standard Insurance Group" (Berkley Insurance Company) is domesticated in the State of Delaware with its principal place of business in the State of Connecticut.  "Union Standard Insurance Group" (Berkley Insurance Company) is not a citizen of the State of Texas.[14]

---

[11] *Madison v.* Vintage *Pet., Inc.*, 114 F.3d 514 (5th Cir. 1997); *see also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (adopting the term "improper joinder" as being more consistent with statutory language than "fraudulent joinder," which has been used in the past).

[12] *Id.*, quoting *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir.2006)).

[13] *Salazar v. Allstate Tex. Lloyd's Inc.*, 455 F. 3d 571, 574 (5th Cir. 2006).

[14] *See* Affidavit of Ty Simmons, submitted herewith and incorporated herein by reference for all purposes as part of Exhibit "C."

**DEFENDANT BERKLEY'S NOTICE OF REMOVAL – PAGE 4**

13.    Defendant David Girard is a citizen of Texas, but should not be considered on fraudulent joinder grounds.

14.    Based on Plaintiff's Petition, the amount in controversy in this matter clearly exceeds $75,000.  Plaintiff asserts it is seeking monetary relief in excess of $200,000, but not more than $1,000,000.[15]

15.    <u>Consent by David Girard</u>.  Defendant David Girard was served with the Second State Court Action on May 2, 2017 and consents to the removal of this case to federal court.

### *Improper Joinder of David Girard*

16.    David Girard has been improperly joined in this case to defeat diversity jurisdiction because there is no possibility of establishing a cause of action against him and therefore "no possibility of recovery" by Plaintiffs.[16]  Conclusive or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show the defendant was properly joined.[17] In this instance, Plaintiff makes no distinction between acts of David Girard and those of Defendant Berkley Insurance Company.  Plaintiff makes general boilerplate allegations that both Defendants owed a duty of good faith and fair dealing; that both Defendants breached their duties in misrepresenting the policy provision; that both Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim; that both Defendants failed to provide promptly a reasonable explanation of the basis for denial of Plaintiff's claims; that both Defendants refused to pay the claim without first conduction a reasonable investigation of the matter, and that both Defendants refused to provide a defense, and that both Defendant refused to pay the policy benefits when they knew or should have known that is was reasonably clear that

---

[15] *See* Exhibit B- Plaintiff's Original Petition, p. 6, *Lewis Mechanical Sales, Inc. vs. David Girard, Individually and Union Standard Insurance Group*, Cause No. 2017DCV-1765-D.
[16] *Smallwood*, 385 F.3d at 573.
[17] *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000).

benefits were due under the policy.[18]

17.     Plaintiff must allege "specific actionable conduct" sufficient to support the causes of action asserted against a non-diverse defendant.[19]  Here, Plaintiff does not.  Ultimately, "whether the plaintiffs have stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[20]

18.     When determining the possibility of recovery under state law, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[21]  Under the Federal Rules, adequate pleading requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do.[22] "Factual allegations must be enough to raise a right to relief above the speculative level."[23]

19.     Girard is a Litigation Specialist working for Union Standard Insurance Group of Berkley Insurance Company.[24]  In that capacity, he adjusts claims for companies within the Berkley group of companies, including Union Insurance Company, the insurer for Lewis Mechanical.[25]

20.     Plaintiff asserts claims for breach of the duty of good faith and fair dealing.  That duty is owed only by an insurer.  There is no general duty of good faith and fair dealing under Texas law, and an individual cannot be liable under this cause of action. [26]

21.     There are no allegations of conduct by Girard, independent of Union Insurance Company

---

[18] *See* Exhibit B—Plaintiff's Original Petition, p. 6, *Lewis Mechanical Sales, Inc. vs. David Girard, Individually and Union Standard Insurance Group*, Cause No. 2017DCV-1765-D.
[19] *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999).
[20] *Id.* at 700.
[21] *Smallwood,* 385 F.3d at 573.
[22] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).
[23]. *Hayden v. Allstate Texas Lloyds,* 2011 WL 240388 *6 (S.D. Tex. 2011).
[24] *See* Exhibit D – Affidavit of David Girard.
[25] *Id.*
[26] *See Natividad v. Alexis, Inc.,* 875 S.W.2d 695, 698 (Tex. 1994); *Griggs,* 181 F.3d at 700-701; *Ardila,* 2001 U.S. Dist. LEXIS 24477, at *3.

or Berkley Insurance Company's own claims handling.  As Girard is not an insurer, he owes no

duty of good faith and fair dealing, so Plaintiff's claim is not cognizable, as a matter of law.[27]  In

*DiNoto v. USAA Cas. Ins. Co.*, the court concluded that, because Texas law did not impose a duty

of good faith and fair dealing on entity acting as insurer's agent or contractual adjuster, plaintiffs

failed to state a legal claim.[28]

22.     None of Plaintiff's alleged causes of action state a claim against Girard.  He is an

individual, not an insurer.  Girard has no contract with Lewis and is not subject to the same duties

as an insurer.  Many of the claims are viable only against an insurer.  Moreover, while plaintiff

attempts to assert statutory causes of action under the Insurance Code, there are no factual

allegations of conduct by Girard that provide any support to such claims.

23.     Plaintiff asserts violations of Section 541.060 of the Texas Insurance Code for the

following:

> (1)     misrepresenting to a claimant a material fact or policy
>          provision relating to coverage at issue;
>
> (2)     failing to attempt in good faith to effectuate a prompt, fair,
>          and equitable settlement of:
>
> (A)     a claim with respect to which the insurer's liability has
>          become reasonably clear;
>
>                               *   *   *
>
> (3)     failing to promptly provide to a policyholder a reasonable
>          explanation of the basis in the policy, in relation to the facts
>          or applicable law, for the insurer's denial of a claim or offer
>          of a compromise settlement of a claim;
>
>                               *   *   *

---

[27] *See Natividad v. Alexsis, Inc.*, 875 S. W.2d 695, 698
(Tex. 1994); *Griggs v. State Farm Lloyds*, 181 F. 3d 694, 700-701 (5th Cir.); *DiNoto v. USAA Cas. Ins. Co.*, 2014
U.S. Dist. LEXIS 141057 at *9-10 (S.D. Tex. Sept. 30, 2014).
[28] *Id.* at *10.

**DEFENDANT BERKLEY'S NOTICE OF REMOVAL – PAGE 7**

       (7)     refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

24.    Plaintiff also alleges a violation of Section 541.06 of the Texas Insurance Code for making misrepresentations of fact.  Section 541.061 states, in part, the following:

> MISREPRESENTATION OF INSURANCE POLICY.  It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by (1) making an untrue statement of material fact…

25.    Allegations of Insurance Code violations are subject to the pleading requirements of Rule 9(b), and must state with particularity the circumstances constituting fraud or mistake.[29]  Plaintiff's allegations are not specific, do not state particular conduct by Girard, and are no more than generic recitations of provisions of the Insurance Code.[30]  While Girard acted as an employee of Berkley Insurance Company and on behalf of Union Insurance Company, there can be no claim against him unless he, *individually*, committed a violation of the Insurance Code and that violation was the cause of damage to the plaintiff.[31]

26.    Three of the alleged violations—failure to settle once liability is reasonably clear (Ins. Code §541.060(a)(2)); failing to provide a reasonable explanation of the basis for denial (Ins. Code §541.060(a)(3); and refusing to pay a claim without conducting a reasonable investigation (Ins. Code §541.060(a)(7)) involve conduct of an insurer, and for which only an insurer may be liable.[32]  While Defendant concedes that there are cases allowing claims against adjusters-principally under property policies, under which an adjuster also determines the cause and scope of loss-the cases plaintiff cites do not support a cognizable claim under the sections referenced.  Moreover, the

---

[29] *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998).
[30] *Cf. Lakewood Chiro. Clinic v. Travelers Lloyds Ins. Co.*, 2009 U.S. Dist. LEXIS 99854 at * 9-12 (S.D. Tex., Oct. 27, 2009) (near verbatim recitations of portions of Chapter 541 of the Texas Insurance Code, without facts attributable to adjuster, individually, did not state a claim with a reasonably possibility of recovery).
[31] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004); *Lakewood Chiro. Clinic, supra*.
[32] *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp.3d 721, 724 (N.D. Tex. 2014).

**DEFENDANT BERKLEY'S NOTICE OF REMOVAL – PAGE 8**

existence of a legally cognizable claim, on the face of Plaintiff's pleadings, is not an issue of fact. Therefore, Girard cannot be liable.[33]

27.     As to providing the insured a reasonable explanation for the denial, Girard's conduct is the conduct of Berkley Insurance Company and/or Union Insurance Company.[34]  There is no separate conduct by Girard that could constitute a violation or that caused any damage to Plaintiff.  The complaint appears to be that Lewis Mechanical disagreed with the position, not that no explanation was provided. In other words, Plaintiff's claim is, at bottom, a "garden variety" breach of contract claim.[35]

28.     The final category, misrepresenting the policy provisions, is not applicable on the facts. The letters sent by Girard, on behalf of Union Insurance Company, accurately represent the policy terms; plaintiff's complaint is the conclusion that the policy does not afford coverage for the allegations in the underlying lawsuit.[36]

29.     Plaintiffs assert boilerplate claims, with "formulaic recitation" of the elements.[37]  To state a claim that survives a 12(b)(6) challenge, the allegations must state something more than facts that create a suspicion of a legally cognizable cause of action.[38]  "Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state claim against them."[39] Plaintiffs allege no conduct by Girard apart from the conduct of Berkley Insurance

---

[33] *See, e.g., Messersmith v. Nationwide Mut. Fire Ins. Co*., 10 F.Supp.3d 721, 724 (N.D. Tex. 2014).
[34] Despite Plaintiff's allegations that Union Standard insurance Group and/or Union Insurance Company issued the policy, Defendant continues to maintain that the insurance policy in question was solely issued by Union Insurance Company.
[35] *Cf. Bailey v. State Farm Lloyds*, 2001 U.S. Dist. LEXIS 15236, at * 17 (S.D. Tex. Apr. 12, 2001) (court granted motion to dismiss when complaint did not allege specific facts against adjusters, only that they incorrectly concluded the policy did not cover foundation damage).
[36] *Cf. Merritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co*., 2016 U.S. Dist. LEXIS 31417, at * 9-12 (N.D. Tex. Mar. 11, 2016) (misrepresentation must be about the details of a policy, not the facts giving rise to coverage).
[37] *Twombly*, 550 U.S. at 555.
[38] *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure Sec. 1216, pp. 236-236 (3d ed. 2004)).
[39] *Bailey*, 2001 U.S. Dist. LEXIS at * 17; (citing *Griggs*, 181 F.3d at 699.  ("We cannot say that Plaintiff's petition, which mentions [the agent] once in passing, then fails to state any actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading.").

Company and/or Union Insurance Company.[40]   The allegations certainly do not assert the "particulars to time, place, and content of the false representations" as required by Rule 9(b).[41]

30.     Plaintiff has not and cannot plead any specific actionable conduct on the part of David Girard.  As such Plaintiff's joinder of David Girard was improper. The Court should disregard David Girard's citizenship for purposes of determining whether complete diversity exists among the parties.

### *Additional Documents Filed In Support of Removal*

31.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice (Exhibits A, F-H).

32.     Pursuant to 28 U.S.C. § 1446(d), Defendant Berkley Insurance Company will provide prompt written notice of the filing of this Notice of Removal to the Plaintiff, and will file a notice with the Clerk of the 319th Judicial District Court, Nueces County, Texas.

33.     Pursuant to Local Rule 21, Defendant Berkley Insurance Company files the following documents along with this Notice.

      1.      All executed process in the case (Exhibit H);

      2.      Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit B);

      3.      All orders signed by the state judge (None);

      4.      The docket sheet (Exhibit A);

---

[40] *See, e.g., Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. Jan 20, 2011); *Dalton v. State Farm Lloyd's, Inc*., 2013 U.S. Dist. LEXIS 86490 (S.D. Tex. June 19, 2013).

[41] *See, e.g., Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 339 (5th Cir. 2009). Texas district courts regularly follow *Frith* and apply Rule 9(b) to claims of Insurance Code and DTPA violations.  *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp 2d 734, 742-43 (S.D. Tex. 1998); *see also DiNoto v. USAA Cas. Ins. Co*., 2014 U.S. Dist. LEXIS 141057 (S.D. Tex. Sept. 30, 2014); *Bige, Inc. v. Penn-American Ins. Co*., 2015 U.S. Dist. LEXIS 119357 at *9 (W.D. Tex. Sept. 8, 2015); *Broxtermann v. State Farm Lloyds*, 2016 U.S. Dist. LEXIS 11824 (E.D. Tex. Feb. 2, 2016); *Seneca Ins. Co. v. Emerald Mgmt., L.L.C.*, 2016 U.S. Dist. LEXIS 166466 at *7 (N.D. Tex. Dec. 2, 2016)*; Mital Hospitality, Inc. v. Evanston Ins. Co*., 2016 U.S. Dist. LEXIS 168132 at *7 (N.D. Tex., Dec. 6, 2016).

**DEFENDANT BERKLEY'S NOTICE OF REMOVAL – PAGE 10**

5.      An index of matters being filed (Exhibit I); and

6.      A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit J).

**WHEREFORE, PREMISES CONSIDERED**, Berkley Insurance Company (improperly named as Union Standard Insurance Group) prays that the above-styled action now pending against it in the 105th Judicial District Court, Nueces County, Texas be removed therefrom to this Honorable Court.

Respectfully submitted,

**GRIFFITH LAW GROUP**
801 E. Fern Avenue, Suite 170
McAllen, Texas 78501
Tel. No. (956) 971-9446
Fax. No. (956) 971-9451
jrg@rgvfirm.com
oguzman@rgvfirm.com

By:    /s/    *John R. Griffith*
**JOHN R. GRIFFITH**
Texas Bar No. 08480750
S.D. Tex. Id. No.  12186
**ORALIA GUZMÁN**
Texas Bar No. 24041029
S.D. Tex. Id. No. 3049525

**—AND—**

*/s/ Beth D. Bradley*
**BETH D. BRADLEY**
State Bar No. 06243900
Southern District Bar No. 18053
bethb@tbmmlaw.com
**TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP**
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of May 2017, a true and correct copy of the foregoing document has been sent in compliance with the Federal Rules of Civil Procedure to:

Van Huseman
Eric Stewart
John Swallow
Huseman & Stewart, PLLC
615 N. Upper Broadway, Suite 2000
Corpus Christi, Texas 78401-0781
Tel. No. (361) 883-3563
Fax. No. (361) 883-0210
estewart@husemanstewart.com
vhuseman@husemanstewart.com
jswallow@husemanstewart.com

Hon. Jack W. Pulcher
105th Judicial District Court
Nueces County Courthouse
901 Leopard St.
Corpus Christi, Texas 78401

/s/ *John R. Griffith*
**JOHN R. GRIFFITH**

Skip to Main Content Logout My Account Search Menu New Civil & Family Search Refine Search  Back          Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE No. 2017DCV-1765-D

| | |
|---|---|
| Lewis Mechanical Sales, Inc. vs. David Girard, Union Standard Insurance Group | §<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| Case Type: | **Consumer/Commercial/Debt** |
| Date Filed: | **04/13/2017** |
| Location: | **105th District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| Defendant | Girard, David | |
| Defendant | Union Standard Insurance Group | |
| Plaintiff | **Lewis Mechanical Sales, Inc.** | **John P Swallow**<br>*Retained*<br>361-883-3563(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 04/13/2017 | **Original Petition (OCA)** | |
| 04/13/2017 | **Original Petition Documents E-filed** | |
| | *Plaintiff's Original Petition* | |
| 04/13/2017 | **Civil Case Information Sheet** | |
| 04/13/2017 | **Service Request Information Sheet** | |
| | *Service Requested* | |
| 04/13/2017 | **Jury Fee Paid** | |
| 04/20/2017 | **Citation** | |
| | Girard, David | Unserved |
| | Union Standard Insurance Group | Unserved |
| 05/08/2017 | **Proof of Service** | |
| | *Return of Citation - David Girard* | |
| 05/08/2017 | **Proof of Service** | |
| | *Return of Citation - Union Standard Insurance Group* | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Lewis Mechanical Sales, Inc. | | | |
| Total Financial Assessment | | | 325.00 |
| Total Payments and Credits | | | 325.00 |
| **Balance Due as of 05/08/2017** | | | **0.00** |
| 04/14/2017 | Transaction Assessment | | 325.00 |
| 04/14/2017 | E-file Payment | Receipt # 2017-7202-DCCLK          Lewis Mechanical Sales, Inc. | (325.00) |

# Exhibit "A"

Filed
5/18/2017 2:43:10 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

NO. _____ 2017DCV-1765-D _____

| | | |
|---|---|---|
| LEWIS MECHANICAL SALES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| DAVID GIRARD, individually, and | § | |
| UNION STANDARD INSURANCE GROUP | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Plaintiff LEWIS MECHANICAL SALES, INC. and brings the following claims against Defendants DAVID GIRARD, Individually, and UNION STANDARD INSUR-ANCE GROUP, and in support thereof, Plaintiff would respectfully show the Court as follows:

### A.   PARTIES

1.      Plaintiff LEWIS MECHANICAL SALES, INC. is a Texas corporation that maintains its principal place of business at 525 Clifford Street, Corpus Christi, Nueces County, Texas.

2.      Defendant DAVID GIRARD is an individual engaged in the business of insurance as defined under Chapter 541 of the Texas Insurance Code.  Mr. Girard is a Litigation Specialist for Union Standard Insurance Group.  Mr. Girard adjusted the insured's claim in the case at hand and has otherwise engaged in the business of insurance.  Mr. Girard can be served with citation at his office located at 222 W. Las Colinas Blvd., Suite 1300, Irving, Texas 75039.

3.      Defendant UNION STANDARD INSURANCE GROUP ("Union Standard") is an insurance company, individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance as defined by Chapter 541 of the Texas Insurance Code.  Union Standard employed Mr. Girard, the Litigation Specialist responsible for handling the insured's claims to adjust the claims on

**Exhibit "B"**

behalf of Union Standard and Union Insurance Company. Union Standard can be served with citation by serving its registered agent, Ty Collin Simmons, at the home office located at 222 W. Las Colinas Blvd., Suite 1300, Irving, Texas 75039. Union Standard is being sued in its assumed or common name pursuant to Texas Rule of Civil Procedure 28.

**B.**  **CONDITIONS PRECEDENT**

　　4.　　All conditions precedent for recovery have been performed or have occurred.

**C.**  **JURISDICTION**

　　5.　　The claims in this suit are within the jurisdictional limits of the Court.

**D.**  **VENUE**

　　6.　　Venue is proper in Nueces County under TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.002 and 15.032. A substantial part of the events or omissions complained of occurred in Nueces County, the insurance policy was purchased in Nueces County, the policy was negotiated in Nueces County, the loss occurred in Nueces County, the policyholder resided in Nueces County at the time the cause of action accrued, and misrepresentations by Defendants were also made or heard in Nueces County.

**E.**  **FACTS**

　　7.　　Plaintiff Lewis Mechanical Sales, Inc. purchased a Commercial General Liability Policy through its insurance agent Keetch & Associates in Corpus Christi, Texas. The policy was issued by Union Standard Insurance Group and/or Union Insurance Company.

　　8.　　On or about November 26, 2014, Calallen Independent School District (CISD) filed a lawsuit relating to construction/renovation projects at five CISD schools, naming as defendants the general contractors, several subcontractors, HVAC manufacturers, coil coating manufacturer, coating applicator, sales representative Lewis Mechanical Sales, Inc., and others claiming damages to

the HVAC equipment.  CISD generally alleged that the Adsil Microguard coil coating and/or coating applicator, CJO Enterprises, Inc. ("CJO"), damaged the coils and caused premature corrosion.

9.      Plaintiff was a long-term policyholder with Union Standard Insurance Group, from at least 2009 through 2016, under Policy No. CPA 9062316.

10.     After mounting a successful defense, Lewis Mechanical Sales, Inc. was non-suited from the CISD litigation on or about December 15, 2016 without paying any damages; however, in incurred substantial legal fees.

11.     Plaintiff's insurance policy required its insurer to pay those sums the insured becomes legally obligated to pay as damages because of "property damage" to which the insurance applies and to defend the insured against any suit seeking those damages.

12.     Lewis Mechanical Sales, Inc. was the sales representative for AAON with regard to the CISD construction projects at issue in the underlying litigation.  CISD purchased approximately thirty (30) AAON rooftop-mounted HVAC units from AAON/Lewis for installation on five different CISD schools.  CISD contracted with several construction companies to perform the installation of the equipment.  Lewis Mechanical Sales, Inc. purchased the Adsil coil coating from CJO and hired them to apply the coating to the HVAC condenser coils at the schools after the units were installed on the curbs.

13.     Plaintiff requested a defense of the lawsuit from Defendants on several occasions. Defendants denied coverage and refused to assume the defense or pay for the costs of the defense.

14.     Defendant David Girard was the litigation specialist that adjusted the insurance claim or claims at issue in this lawsuit for Union Standard Insurance Group and Union Insurance Company.

15.     Upon information and belief, Mr. Girard and Union Standard Insurance Group

failed to perform an adequate investigation of the insurance claim or claims. Defendants' investigation was results oriented, and David Girard and Union Standard Insurance Group set about to deny the claim or claims.

16.     Upon information and belief, the insurance claim was improperly adjusted, and Defendants David Girard and Union Standard Insurance Group set about to adjust the claim or claims with a pre-determined denial in mind.

17.     Upon information and belief, Defendants failed to conduct a reasonable investigation of the claims made in the underlying lawsuit, and selectively picked out language from the fourteen different petitions filed by CISD to deny their insured coverage.

18.     Under Texas law, when there are covered and non-covered claims in the same lawsuit, the insurer is obligated to provide a defense to the entire suit, at least until it can limit the suit to those claims outside the policy coverage.

19.     Covered claims were made against the insured. Defendants had a duty to investigate those claims, and having failed to do so, they are liable for engaging in bad faith insurance practices under the Texas Insurance Code and common law.

20.     Plaintiff established a basis for this claim in multiple pre-suit letters to Defendants Girard and Union Standard Insurance Group.

## F.     INSURANCE CODE VIOLATIONS

21.     Pursuant to the terms of the policy, Union Standard and/or Union Insurance Company had a duty to defend its insured against any suit seeking to recover for property damage to which insurance applies.

22.     Union Standard and/or Union Insurance Company failed to provide a defense to Lewis Mechanical Sales, Inc. as required by the terms of the policy, and Lewis Mechanical Sales, Inc. incurred substantial expenses in successfully defending the CISD lawsuit.

23.     Defendants were engaged in the business of insurance as defined by Chapter 541 of the Texas Insurance Code. Insurance company adjusters, employees, or contractors whose job duties call for them to engage in the business of insurance are subject to suit under Chapter 541.

24.     By the express terms of the policy, defendant insurers agreed to defend and indemnify Lewis Mechanical Sales, Inc.

25.     Defendants were also obligated to perform a reasonable investigation to determine if the underlying claims were covered by the policy.

26.     Furthermore, under Texas law, when there are covered and non-covered claims in the same lawsuit, the insurer is obligated to provide a defense to the entire suit, at least until it can limit the suit to those claims outside the policy coverage.

27.     Defendants additionally made misrepresentations about coverage under the policy in violation of § 541.051 of the TEXAS INSURANCE CODE.

28.     Defendants engaged in several unfair settlement practices enumerated and defined as unfair or deceptive in § 541.060(a) of the TEXAS INSURANCE CODE, including but not limited to:

     a.  Misrepresenting the policy provisions relating to coverage of the insurance contract made the basis of this suit.

     b.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once the Defendants' liability became reasonably clear.

     c.  Failing to provide promptly a reasonable explanation of the Defendants' basis for its denial of Plaintiff's claim.

     d.  Refusing to pay the claim without first conducting a reasonable investigation of the matter.

29.     Upon information and belief, Defendants failed to conduct a reasonable investiga-

tion of the underlying claims, and selectively picked out language from the fourteen different petitions filed by the plaintiff in the underlying lawsuit to deny their insured coverage.

30.     Covered claims were made against the insured.  Defendants had a duty to reasonably investigate these claims, and having failed to do so, they are liable for engaging in bad faith insurance practices under the Texas Insurance Code and common law.

31.     Furthermore, Defendants made untrue statements about material facts, which constitute unfair or deceptive acts or practices under TEXAS INSURANCE CODE § 541.061.

32.     Plaintiff suffered damages as a result of Defendants' breach of the Texas Insurance Code, and Plaintiff seeks its actual damages, court costs, and attorney's fees under Chapter 541 of the Texas Insurance Code.

## G.     BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

33.     Defendants owed Plaintiff a duty of good faith and fair dealing.  Defendants breached their duties by misrepresenting the policy provisions relating to coverage of the insurance contract made the basis of this suit; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once the Defendants' liability became reasonably clear; failing to provide promptly a reasonable explanation of the Defendants' basis for its denial of Plaintiff's claim; refusing to pay the claim without first conducting a reasonable investigation of the matter; and refusing to provide a defense and/or pay the policy benefits when defendant knew or should have known that it was reasonably clear that benefits were due under the policy.

34.     Plaintiff has been damaged as a proximate result of Defendants' tortious conduct.

## H.     DAMAGES

35.     Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and reasonable and necessary attorney's fees.  These include but are not limited to actual and punitive damages available

under Chapter 541 of the Texas Insurance Code, Texas common law, and/or other Texas statute.

36.     Plaintiff is additionally entitled to court costs and reasonable and necessary attorney

fees under Chapter 541 of the Texas Insurance Code.

**I.      DISCOVERY CONTROL PLAN**

37.     Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Proce-

dure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in

Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.00.

**J.      JURY DEMAND**

38.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

**K.      PRAYER FOR RELIEF**

39.     For the reasons set forth herein, Plaintiff asks judgment be awarded against Defend-

ants for the following:

    a.   Actual damages;
    b.   Pre-judgment and post-judgment interest;
    c.   Court costs;
    d.   Attorneys' fees;
    e.   All other relief to which Plaintiff is entitled.

Respectfully submitted,

_____/s/ John Swallow /s/_____
VAN HUSEMAN
SBN: 10323500
vhuseman@husemanstewart.com
ERIC STEWART
State Bar No.: 24058133
estewart@husemanstewart.com
JOHN SWALLOW
SBN: 24085611
jswallow@husemanstewart.com

**HUSEMAN & STEWART, PLLC**
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
Tel:    (361) 883-3563
Fax:    (361) 883-0210

Filed
4/13/2017 2:43:10 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* __2017DCV-1765-D__     COURT *(FOR CLERK USE ONLY):* _____

STYLED Lewis Mechanical Sales, Inc. v. David Girard, Individually, and Union Standard Insurance Group

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Name: John Swallow | Email: jswallow@husemanstewart.com | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|

Plaintiff(s)/Petitioner(s): Lewis Mechanical Sales, Inc.

Defendant(s)/Respondent(s): David Girard, Individually and Union Standard Insurance Group

Address: 615 N Upper Broadway #2000
Telephone: 361-883-3563
City/State/Zip: Corpus Christi, TX 78401
Fax: 361-883-0210
State Bar No: 24085611

☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

*[Attach additional page as necessary to list all parties]*

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract — Debt/Contract**
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

**Foreclosure**
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
Malpractice
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
Product Liability
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Family Law**

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
Divorce
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
Probate/Wills/Intestate Administration
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

## AFFIDAVIT OF TY SIMMONS

STATE OF TEXAS            §
                          §
COUNTY OF DALLAS          §

Before me, the undersigned authority, personally appeared Ty Simmons, who being by me duly sworn, deposed as follows:

1.      "My name is Ty Simmons, I am over the age of 18, currently reside in the State of Texas, and I am competent and capable of making this affidavit and the statements contained herein. I have personal knowledge of the facts set forth in this Affidavit, and they are true and correct. If called upon, I am competent to testify to the facts and statements set forth in this Affidavit.

2.      I am the Assistant Secretary for Union Insurance Company, which is the sole entity that issued the insurance policy at issue in this lawsuit, cause no. 2:16-cv-496.

3.      Union Insurance Company is a subsidiary of W. R. Berkley Corporation. As such, Union Insurance Company is part of the W. R. Berkley Group of insurance companies, which includes more than fifty individual businesses or "operating units" that underwrite property and casualty insurance and reinsurance through 24 or more statutory insurance company subsidiaries and affiliates of W. R. Berkley Corporation.

4.      My position as Assistant Secretary for Union Insurance Company provides me with knowledge of W. R. Berkley Corporation and its subsidiaries and affiliates, including those whose names have appeared in this lawsuit.

5.      "Union Standard Insurance Group" is an operating unit of Berkley Insurance Company and is not a separate legal entity. Berkley Insurance Company is corporation and a subsidiary of W.R. Berkley Corporation. Berkley Insurance Company employs the litigation specialists that adjust claims in Texas on behalf of Union Insurance Company, including the claim that forms the basis of this lawsuit.

6.      Union Standard Insurance Group, *LLC* (emphasis added) is a limited liability company and a subsidiary of W.R. Berkley Corporation. Union Standard Insurance Group, *LLC* is a separate and distinct legal entity from the operating unit "Union Standard Insurance Group" described above. Union Standard Insurance Group, *LLC* is not an insurance company. Union Standard Insurance Group, *LLC* does not issue, underwrite, sell, manage or otherwise administer insurance policies, including the policy at issue in this lawsuit. Union Standard Insurance Group, *LLC* does not adjust or otherwise administer insurance claims, including the claim that forms the basis of this lawsuit. Union Standard Insurance Group, *LLC* committed no act with respect to either the policy at issue in this case or the claim that forms the basis of this lawsuit.

7.      Union Insurance Company is domesticated in the State of Iowa with its principal place of business in the State of Iowa.

**Exhibit "C"**

**AFFIDAVIT OF TY SIMMONS – PAGE 1**

8.       W. R. Berkley Corporation is domesticated in the State of Delaware with its principal place of business in the State of Connecticut.

9.       "Union Standard Insurance Group" (Berkley Insurance Company) is domesticated in the State of Delaware with its principal place of business in the State of Connecticut.

10.      Union Standard Insurance Group, *LLC* is domesticated in the State of Delaware with its principal place of business in the State of Texas.

11.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NOT."

**TY SIMMONS**

SWORN TO AND SUBSCRIBED before me on this _27_ day of March, 2017.

MARGARET GOODNIGHT WALTERS
Notary Public, State of Texas
My Commission Expires
June 12, 2019

Notary Public in and for the State of Texas

My commission expires: _6/12/2019_

**AFFIDAVIT OF TY SIMMONS – PAGE 2**

## AFFIDAVIT OF DAVE GIRARD

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, personally appeared DAVE GIRARD, who being by me duly sworn, deposed as follows:

1.     "My name is DAVE GIRARD, I am over the age of 18, currently reside in the State of Texas, and I am competent and capable of making this affidavit and the statements contained herein.  I have personal knowledge of the facts set forth in this Affidavit, and they are true and correct.  If called upon, I am competent to testify to the facts and statements set forth in this Affidavit.

2.     I am the Litigation Specialist who handled Lewis Mechanical Sales, Inc.'s claims under Policy No. CPA 9062316 (mod 31), effective period July 15, 2012 to July 15, 2013, relating to the suit *Calallen Independent School District v. Lewis Mechanical Sales, Inc., et al.*

3.     I am a Litigation Specialist for and employed by Union Standard Insurance Group of Berkley Insurance Company.

4.     As a Litigation Specialist for Union Standard Insurance Group of Berkley Insurance Company, I have knowledge of this company and am familiar with its general business structure.

5.     Union Standard Insurance Group is an operating unit of Berkley Insurance Company. As such, Union Standard Insurance Group of Berkley Insurance Company and Union Standard Insurance Group, LLC are two separate and distinct entities.

6.     As the Litigation Specialist handling this claim, I state that Union Standard Insurance Group, LLC was not involved in the issuance of the Policy No. CPA 9062316 (mod

**Exhibit "D"**

31) nor did it play any role in the adjustment of the claim made by Lewis Mechanical Sales, Inc. under such policy.

      7.     As a Litigation Specialist, I adjust claims for various entities, including Union Insurance Company.  As such, I am a representative of Union Insurance Company and have knowledge of this company and am familiar with its general business structure.

      8.     Policy No. CPA 9062316 (mod 31), effective period July 15, 2012 to July 15, 2013, was issued by Union Insurance Company.

      9.     Union Insurance Company was organized and incorporated in Iowa and it maintains principal place of business at 11201 Douglas Avenue, Urbandale, Iowa.

     10.     Attached hereto is the Declarations Page for Policy CPA 9062316 (mod 31).  This page is kept by Union Insurance Company in the regular course of business, and it was the regular course of business of Union Insurance Company for an employee or representative of Union Insurance Company, with knowledge of the Policy to make this record or to transmit the information thereof to be included in such Policy.  The page attached hereto was made at or near the time or reasonably thereafter.  The page attached to this affidavit is the original or a true, correct, and exact duplicate of the original.

     FURTHER AFFIANT SAYETH NOT."

DAVE GIRARD

SWORN TO AND SUBSCRIBED before me this 15th day of November, 2016.

GARTH DERRY
Notary Public, State of Texas
My Commission Expires
June 15, 2019

Notary Public In and For the State of Texas

My commission expires: _June 15, 2019_

**AFFIDAVIT OF DAVE GIRARD – PAGE 2**

**B IL DS 00 09 07**

**Issuing Company:** Union Insurance Company
9830 Colonnade Blvd, Suite 450
San Antonio, TX 78230

# COMMERCIAL LINES POLICY
# COMMON POLICY DECLARATIONS

## Renewal

**Policy No.:  CPA 9062316 - 31**
Previous Policy No.: 9062316-30

Billing Method: Direct Bill
Payment Plan: 10

| Named Insured Name and Address | Agency Name and Address | 02759 |
|---|---|---|
| Lewis Mechanical Sales Inc<br>PO Box 331353<br>Corpus Christi, TX 78463 | (361) 883-3803<br>Keetch & Associates<br>PO Box 3280<br>Corpus Christi, TX 78463-3280 | |

---

**POLICY PERIOD**

Policy Period:  From 07/15/2012 to 07/15/2013 at 12:01 A.M. Standard Time at your mailing address shown above.

**Business Description:**  A/C Systems Manufacturer's Representative

**Form of Business:** Corporation

IN RETURN FOR YOUR PAYMENT OF THE PREMIUM AND SUBJECT TO ALL TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.  THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

| | | Premium |
|---|---|---|
| Commercial Property Coverage Part | $ | 813.00 |
| Commercial General Liability Coverage Part | $ | 3,868.00 |
| Commercial Auto Coverage Part | $ | 2,380.00 |
| **TOTAL:** | $ | 7,061.00 |

**FORMS APPLICABLE TO ALL COVERAGE PARTS**

See attached "Schedule of Forms and Endorsements"

**THESE DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS AND COVERAGES FORM(S) AND ANY ENDORSEMENT(S), COMPLETE THE ABOVE NUMBERED POLICY.**

Countersigned: _____       By: _____
(Date)                                                      (Authorized Representative)

Filed
10/12/2016 2:48:00 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2016DCV-5262-G _____

| | | |
|---|---|---|
| LEWIS MECHANICAL SALES, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| UNION STANDARD INSURANCE GROUP, LLC | § | |
| and UNION INSURANCE COMPANY, | § | |
| | § | NUECES COUNTY, TEXAS |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, LEWIS MECHANICAL SALES, INC. (hereinafter Plaintiff) and brings the following claims against Defendants UNION STANDARD INSURANCE GROUP, LLC and UNION INSURANCE COMPANY, and in support thereof, Plaintiff would respectfully show the Court as follows:

### I.    PARTIES

1.      Plaintiff LEWIS MECHANICAL SALES, INC. is a Texas corporation that maintains its principal place of business at 525 Clifford Street, Corpus Christi, Nueces County, Texas.

2.      Defendant UNION STANDARD INSURANCE GROUP, LLC is an insurance company doing business in Nueces County, Texas that maintains its home office and principal place of business at 222 Las Colinas Blvd. W. Suite 1300, Irving, Texas 75039 and can be served through its registered agent Ty Collin Simmons at 122 W. Carpenter Fwy., Suite 350, Irving, Texas 75039.

**Exhibit "D"**

3.      Defendant UNION INSURANCE COMPANY is an insurance company doing business in Nueces County, Texas that can be served at its principal place of business at 9830 Colonnade Blvd., Suite 450, in San Antonio, Texas.

## II.      CONDITIONS PRECEDENT

4.      All conditions precedent for recovery have been performed or have occurred.

## III.      JURISDICTION

5.      The claims in this suit are within the jurisdictional limits of the Court.

## IV.      VENUE

6.      Venue is proper in Nueces County under TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.002 and 15.032.   A substantial part of the events or omissions complained of occurred in Nueces County, the insurance policy was purchased in Nueces County, the policy was negotiated in Nueces County, the loss occurred in Nueces County, and the policyholder resided in Nueces County at the time the cause of action accrued.

## V.      FACTS

7.      Plaintiff Lewis Mechanical Sales, Inc. purchased a Commercial General Liability Policy through its insurance agent Keetch & Associates in Corpus Christi, Texas.   The policy was issued by Defendants Union Standard Insurance Group and Union Insurance Company.

8.      The Policy requires Defendants to pay those sums the insured becomes legally obligated to pay as damages because of "property damage" to which the insurance applies and to defend the insured against any suit seeking those damages.

9.      Plaintiff Lewis Mechanical Sales, Inc. is a manufacturer's representative for AAON, which designs, manufactures, and sells semi-custom heating, ventilation and air conditioning equipment (HVAC) for commercial and residential use.

10.     Plaintiff sold approximately thirty AAON rooftop-mounted HVAC units to the Calallen Independent School District (CISD) for installation on five different schools.   Lewis Mechanical Sales, Inc. was not the installer of the HVAC equipment.   CISD contracted with several construction and/or HVAC companies to perform the installation of the equipment.

11.     CJO Enterprises, Inc. (CJO) sold and applied an Adsil coating product to the AAON condenser coils after the HVAC equipment had been installed at the schools.

12.     On or about November 26, 2014, CISD filed a lawsuit against several of the general contractors, the HVAC subcontractor, Lewis Mechanical Sales, Inc., and others claiming damages to the HVAC equipment.

13.     In its Twelfth Amended Petition (current live pleading), Plaintiff asserts "CJO failed to properly apply the protective coating and/or failed to apply the correct coating."   CISD alleges CJO's failure to properly apply the coating caused premature degradation, corrosion, and failure of multiple air-cooled condensing units and rooftop air conditioning units at the schools.

14.     Plaintiff tendered its defense of the lawsuit to Defendants on several occasions. Defendants denied coverage under the terms of the policy.

## VI.     BREACH OF CONTRACT

15.     Defendants' conduct constitutes a breach of contract as Defendants have failed to comply with the terms and requirements of the policy.

16.     Defendants' wrongful conduct was a producing cause of Plaintiff's injury and resulted in damages to Plaintiff within the jurisdictional limits of the court.

17.     Plaintiff seeks recovery of unliquidated damages within the jurisdictional limits of this court.

18.     Plaintiff additionally seeks to recover its reasonable and necessary attorney's fees and costs under Section 38.001 of the Texas Civil Practice & Remedies Code.

## VII.   DISCOVERY

19.     Plaintiff intends discovery be conducted under Level 3.

## VIII.   DAMAGES

20.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief in excess of $100,000.00 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and reasonable and necessary attorney's fees.

## IX.   JURY DEMAND

21.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X.   REQUEST FOR DISCLOSURES

22.     Under Texas Rule of Civil Procedure 194, Plaintiff requests Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.

## XI.   PRAYER FOR RELIEF

23.     For the reasons set forth herein, Plaintiff asks that the court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a.   Actual damages;

   b.   Pre-judgment and post-judgment interest;

   c.   Court costs;

   d.   Attorneys' fees;

   e.   All other relief to which Plaintiff is entitled.

Respectfully submitted,

_____   /s/   John Swallow  /s/_____
VAN HUSEMAN
SBN: 10323500
vhuseman@husemanstewart.com
JOHN SWALLOW
SBN: 24085611
jswallow@husemanstewart.com

**HUSEMAN & STEWART, PLLC**
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
Tel:    (361) 883-3563
Fax:    (361) 883-0210

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LEWIS MECHANICAL SALES, INC.** | **CAUSE NO. 2:16-cv-496** |
| v. | |
| **UNION STANDARD INSURANCE GROUP, a/k/a**<br>**UNION STANDARD INSURANCE GROUP, LLC, a/k/a**<br>**BERKLEY INSURANCE COMPANY, a/k/a**<br>**W.R. BERKLEY COMPANY, a/k/a W.R. BERKLEY,**<br>**UNION INSURANCE COMPANY, and**<br>**DAVID GIRARD, individually.** | **JURY REQUESTED** |

---

### PLAINTIFF'S SECOND AMENDED COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, LEWIS MECHANICAL SALES, INC. (hereinafter Plaintiff) and brings the following claims against Defendants UNION STANDARD INSURANCE GROUP, a/k/a UNION STANDARD INSURANCE GROUP, LLC, a/k/a BERKLEY INSURANCE COMPANY, a/k/a W.R. BERKLEY COMPANY, a/k/a W.R. BERKLEY, UNION INSURANCE COMPANY, and DAVID GIRARD, individually, and in support thereof, Plaintiff would respectfully show the Court as follows:

### I.   PARTIES

1.   Plaintiff LEWIS MECHANICAL SALES, INC. is a Texas corporation that maintains its principal place of business at 525 Clifford Street, Corpus Christi, Nueces County, Texas.

2.   Defendant UNION STANDARD INSURANCE GROUP is an insurance company, individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance

**Exhibit "F"**

as defined by Chapter 541 of the Texas Insurance Code.   Defendant maintains its home office
and principal place of business at 222 Las Colinas Blvd. W. Suite 1300, Irving, Texas 75039.
Defendant has several alter egos and/or has engaged in business in the State of Texas under the
assumed names UNION STANDARD INSURANCE GROUP, LLC, BERKLEY INSURANCE
COMPANY, W.R. BERKLEY COMPANY, and/or W.R. BERKLEY.   Defendant was served
with process in this matter at its home office at 222 Las Colinas Blvd., Suite 1300, Irving, Texas
75039 and has appeared in this matter.

     3.    Defendant UNION INSURANCE COMPANY is an insurance company or other
legal entity engaged in the business of insurance in Nueces County and throughout Texas.   De-
fendant maintains an office at 9830 Colonnade Blvd., Suite 450, in San Antonio, Texas.   De-
fendant was served with citation at the above address and has appeared in this matter.

     4.    Defendant DAVID GIRARD is an individual engaged in the business of insurance
as defined under Chapter 541 of the Texas Insurance Code.   Mr. Girard is a Litigation Specialist
for Union Standard Insurance Group and Union Insurance Company.   Mr. Girard adjusted the
insured's claim in the case at hand and has otherwise engaged in the business of insurance.
Mr. Girard was served with citation at his office located at 222 Las Colinas Blvd., Suite 1300,
Irving, Texas 75039 and has appeared in this matter.

## II.    CONDITIONS PRECEDENT

     5.    All conditions precedent for recovery have been performed or have occurred.

## III.    JURISDICTION

     6.    Defendants are subject to jurisdiction in Texas as they are either residents, have a
principal place of business in Texas, conduct business in Texas sufficient, or otherwise have suf-

ficient minimum contacts with the state of Texas to justify the Court's exercise of jurisdiction over the defendant's person.

7.      Subject matter jurisdiction is proper in the district courts for the State of Texas where this case was originally filed.    The parties are not diverse, and therefore, this Court lacks subject matter jurisdiction over this matter.    Plaintiff Lewis Mechanical Sales, Inc., Union Standard Insurance Group, and David Girard are Texas citizens.    This case should be remanded to the 319th Judicial District Court of Nueces County, Texas where it was originally filed.

## IV.    VENUE

8.      Venue is proper in Nueces County under TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 15.002 and 15.032.    A substantial part of the events or omissions complained of occurred in Nueces County, the insurance policy was purchased in Nueces County, the policy was negotiated in Nueces County, the loss occurred in Nueces County, and the policyholder resided in Nueces County at the time the cause of action accrued.    Misrepresentations by Defendants were also made or heard in Nueces County.

9.      If diversity jurisdiction existed, venue would be proper in the Corpus Christi Division or the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) as the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## V.    FACTS

10.      Plaintiff Lewis Mechanical Sales, Inc. purchased a Commercial General Liability Policy through its insurance agent Keetch & Associates in Corpus Christi, Texas.    The policy was issued by Defendants Union Standard Insurance Group and Union Insurance Company.

11.    When Plaintiff purchased and/or renewed the policy, Defendant Union Standard Insurance Group sent Plaintiff a cover/welcome letter on Union Standard Insurance Group letterhead stating "Welcome to Union Standard Insurance Group!"

12.    The letter accompanying the policy further stated, "we are committed to satisfying the needs of our agents and our policyholders and will strive to exceed your service expectations. Thank you for . . . choosing Union Standard Insurance Group."

13.    On or about November 26, 2014, CISD filed a lawsuit against several of the general contractors, the HVAC subcontractor, HVAC manufacturer, coil coating manufacturer and applicator, Lewis Mechanical Sales, Inc., and others claiming damages to the HVAC equipment. CISD generally alleged that the coating and/or coating applicator, CJO Enterprises, Inc. (CJO), had damaged the coils and caused premature corrosion.

14.    CISD filed fourteen amended pleadings, but the general allegations were as follows: (1) the HVAC equipment was purchased, shipped, and delivered to Plaintiff CISD without a coating; (2) CJO was hired to provide an Adsil coating to the units' condenser coils; and (3) Plaintiff alleges the Adsil coating was improperly applied by CJO, the coating was defective, and/or the wrong coating was applied.

15.    Plaintiff has been a long-term policyholder with Union Standard Insurance Group, from at least 2009 through present, under Policy No. CPA 9062316.   Plaintiff was an insured from at least the time the Adsil coating was applied by CJO, in or about 2009, until 2016 when Lewis Mechanical Sales, Inc. was non-suited from the underlying litigation.

16.    The Policy requires Defendants to pay those sums the insured becomes legally obligated to pay as damages because of "property damage" to which the insurance applies and to defend the insured against any suit seeking those damages.

17.    Plaintiff Lewis Mechanical Sales, Inc. is a manufacturer's representative for AA-ON, which designs, manufactures, and sells semi-custom heating, ventilation, and air conditioning equipment (HVAC) for commercial and residential use.

18.    Plaintiff sold approximately thirty AAON rooftop-mounted HVAC units to the Calallen Independent School District (CISD) for installation on five different schools.    Lewis Mechanical Sales, Inc. was not the installer of the HVAC equipment.    CISD contracted with several construction and/or HVAC companies to perform the installation of the equipment.

19.    CJO was the Adsil distributor, seller, and applicator of the Adsil coil coating that was applied to the HVAC condenser coils at the CISD schools as part of the installation.

20.    CISD alleged CJO's negligence caused premature degradation, corrosion, and failure of multiple air-cooled condensing units and rooftop air conditioning units at the schools.

21.    Plaintiff requested defense of the lawsuit by Defendants on several occasions. Defendants denied coverage under the terms of the policy.

22.    Defendant Girard was the litigation specialist that adjusted the claim at issue in this litigation for Union Standard Insurance Group and Union Standard Insurance.

23.    Upon information and belief, Mr. Girard failed to perform an adequate investigation of Plaintiff's claim.    Defendants' investigation was results oriented, and Mr. Girard and other Defendants set about to deny Plaintiff's claim.

24.    Upon information and belief, Plaintiff's claim was improperly adjusted, and Defendants Union Standard Insurance Group, Union Insurance Company, and Mr. Girard set about to adjust the claim with a pre-determined denial in mind.

25.    Upon information and belief, Defendants failed to conduct a reasonable investiga-
tion of the underlying claims, and selectively picked out language from the fourteen different pe-
titions filed by the plaintiff in the underlying lawsuit to deny their insured coverage.

26.    Under Texas law, when there are covered and non-covered claims in the same
lawsuit, the insurer is obligated to provide a defense to the entire suit, at least until it can limit the
suit to those claims outside the policy coverage.

27.    Covered claims were made against the insured.    Defendants had a duty to inves-
tigate these claims, and having failed to do so, they are liable for engaging in bad faith insurance
practices under the Texas Insurance Code and common law.

28.    Plaintiff established a basis for this claim in multiple pre-suit letters to Defendants
Girard and Union Standard Insurance Group.

## VI.    BREACH OF CONTRACT

29.    Defendants' conduct constitutes a breach of contract as Defendants have failed to
comply with the terms and requirements of the policy.

30.    Pursuant to the terms of the Policy, Defendants were required to provide coverage
for property damage which occurred during the policy period.

31.    Coverage includes expenses incurred to defend against any suit against the in-
sured.

32.    Defendants failed to provide a defense to Lewis Mechanical Sales, Inc. as required
by the terms of the policy, and Lewis Mechanical Sales, Inc. incurred substantial expenses in
successfully defending against the underlying lawsuit filed by CISD.

33.    Defendants' wrongful conduct was a producing cause of Plaintiff's injury and re-
sulted in damages to Plaintiff within the jurisdictional limits of the court.

34.     As a direct and proximate result of defendant's breach or breaches, Plaintiff suf-

fered damages and is entitled to the recovery of all amounts that remain due to Plaintiff under the

terms of the contract.

35.     Plaintiff seeks recovery of unliquidated damages within the jurisdictional limits of

this court.

36.     Plaintiff additionally seeks to recover its reasonable and necessary attorney's fees

and costs under Chapter 38 of the Texas Civil Practice & Remedies Code.

## VII.   INSURANCE CODE VIOLATIONS

37.     Plaintiff incorporates the preceding paragraphs herein.

38.     Defendants were engaged in the business of insurance as defined by Chapter 541

of the Texas Insurance Code.

39.     Insurance company adjusters, employees, or contractors whose job duties call for

them to engage in the business of insurance are subject to suit under Chapter 541.

40.     By the express terms of the policy, Defendant insurers agreed to defend and in-

demnify Plaintiff.

41.     Defendants were also obligated to perform a reasonable investigation to determine

if the underlying claims were covered by the Policy.

42.     Furthermore, under Texas law, when there are covered and non-covered claims in

the same lawsuit, the insurer is obligated to provide a defense to the entire suit, at least until it

can limit the suit to those claims outside the policy coverage.

43.     Defendants made misrepresentations about coverage under the policy in question

under § 541.051 of the TEXAS INSURANCE CODE.

44.     Defendants engaged in several unfair settlement practices enumerated and defined as unfair or deceptive in § 541.060(a) of the TEXAS INSURANCE CODE including but not limited to the following:

a.  Misrepresenting the policy provisions relating to coverage of the insurance con-
tract made the basis of this suit.

b.  Failing to attempt in good faith to effectuate a prompt, fair, and equitable settle-
ment of Plaintiff's claim once the Defendants' liability became reasonably clear.

c.  Failing to provide promptly a reasonable explanation of the Defendants' basis for
its denial of Plaintiff's claim.

d.  Refusing to pay the claim without first conducting a reasonable investigation of
the matter.

45.     Upon information and belief, Plaintiff asserts Defendants failed to conduct a rea-
sonable investigation of the underlying claims, and selectively picked out language from the fourteen different petitions filed by the plaintiff in the underlying lawsuit to deny their insured coverage.

46.     Covered claims were made against the insured.    Defendants had a duty to rea-
sonably investigate these claims, and having failed to do so, they are liable for engaging in bad faith insurance practices under the Texas Insurance Code and common law.

47.     Furthermore, Defendants made untrue statements about material facts, which con-
stitute unfair or deceptive acts or practices under TEXAS INSURANCE CODE § 541.061.

48.     Plaintiff suffered damages as a result of Defendants' breach of the Texas Insur-
ance Code, and Plaintiff seeks its actual damages, court costs, and attorney's fees under Chapter 541 of the Texas Insurance Code.

## VIII.   BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

49.      Plaintiff incorporates the preceding paragraphs herein.

50.      Plaintiff is an insured who is entitled to make a direct claim under the terms of the
policy issued by Defendants.

51.      Plaintiff tendered its defense of the lawsuit to Defendants on several occasions.
Defendants denied coverage under the terms of the policy.

52.      The property damage alleged by CISD is covered under the terms of the policy is-
sued by Defendants, and by virtue of the special relationship between Plaintiff and Defendants
insurers, Defendants owed Plaintiff a duty of good faith and fair dealing.   Defendants breached
their duties by refusing to provide a defense and/or pay the policy benefits when defendant knew
or should have known that it was reasonably clear that benefits were due under the policy.

53.      As a proximate result of the tortious conduct of Defendants, Plaintiff has been
damaged.

## IX.   ALTER EGO

54.      Defendants have engaged in a shell game in this matter to avoid liability.   The
true legal relationship between the entities is unknown, mysterious, and intentionally confusing.
Defendants masquerade as a Texas corporation when it serves them and then attempt to hide be-
hind a corporate shield to escape liability.

55.      Defendants failed to follow proper corporate formalities by holding themselves
out as Texas corporations and/or having a principal office in Texas, using confusingly similar
names, and/or failing to properly register or file necessary paperwork for their corporations to do
business in Texas.

56.     Defendant Union Standard Insurance Group appears to be doing business in Texas under the name Union Standard Insurance Group, LLC.   Upon information and belief, Union Standard Insurance Group is not registered to do business in Texas, nor has it filed an assumed name or d/b/a certificate.

57.     Union Standard Insurance Group, LLC appears to be a shell company utilized to deceive insureds into believing they are dealing with a Texas insurance company.

58.     The Union Standard Insurance Group website and insurance policy documents list the Union Standard Insurance Group mailing address and home office in Irving, Texas at the same mailing address as Union Standard Insurance Group, LLC.

59.     However, the only Union Standard Insurance Group entity registered to do business in Texas is Union Standard Insurance Group, LLC.

60.     Union Standard Insurance Group, LLC is an affiliate of Defendants and shares a mailing address with Union Standard Insurance Group.   Upon information and belief, the Union Standard Insurance Group, LLC entity was established and is being used so that Union Standard Insurance Group and its affiliates and alter egos can do business in Texas and hold themselves out as having a home office in Texas.

61.     Defendants Union Standard Insurance Group, Union Standard Insurance Group, LLC, Union Insurance Company, and the other Union Standard associated entities/alter egos set forth herein are vicariously liable for the acts of each other, their agents, affiliates, and/or parent corporations for engaging in a shell game to avoid liability.

### X.     DAMAGES

62.     Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and reasonable

and necessary attorney's fees. These include but are not limited to damages for breach of contract and/or actual and punitive damages available under Chapter 541 of the Texas Insurance Code, Texas common law, and/or other Texas statute.

63. Furthermore, as a result of Defendants' breach, Plaintiff was required to retain an attorney and seeks reimbursement for its reasonable and necessary attorney fees as authorized by Chapter 38 of the Texas Civil Practice and Remedies Code.

64. Plaintiff is additionally entitled to court costs and reasonable and necessary attorney fees under Chapter 541 of the Texas Insurance Code.

65. Plaintiff is also entitled to the election of damages.

## XI. JURY DEMAND

66. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XII. PRAYER FOR RELIEF

67. For the reasons set forth herein, Plaintiff asks judgment be awarded against Defendants for the following:

   a. Actual damages;
   b. Pre-judgment and post-judgment interest;
   c. Court costs;
   d. Attorneys' fees;
   e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

_____ /s/   John Swallow  /s/ _____
VAN HUSEMAN
SBN: 10323500
vhuseman@husemanstewart.com
JOHN SWALLOW
SBN: 24085611
jswallow@husemanstewart.com

**HUSEMAN & STEWART, PLLC**
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401-0781
Tel:   (361) 883-3563
Fax:   (361) 883-0210

## CERTIFICATE OF SERVICE

This is to certify that on this the 6th day of March, 2017, a copy of the foregoing was served on the following in compliance with the Federal Rules of Civil Procedure via the Court's electronic filing system:

John R. Griffith
Griffith Law Group
801 E. Fern Avenue, Suite 170
McAllen, TX   78501
jrg@rgvfirm.com

Beth D. Bradley
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney, Suite 250 West
Dallas, TX   75204
bethb@tbmmlaw.com

_____/s/____John Swallow__/s/_____

United States District Court
Southern District of Texas

**ENTERED**

April 07, 2017

David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEWIS MECHANICAL SALES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:16-CV-496 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| GROUP, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Now before the Court are Plaintiff's Motion to Remand, Dkt. No. 7; Defendant Union Standard Insurance Group, LLC's Motion to Dismiss Under FRCP 12(b)(6), Dkt. No. 10; Defendant Union Insurance Company's Motion to Strike Plaintiff's First Amended Petition, Dkt. No. 12; Defendant David Girard's Motion to Dismiss under FRCP 12(b)(6), Dkt. No. 16; Plaintiff's Motion for Leave to File a Second Amended Petition, Dkt. No. 30; Defendant David Girard's Opposed Motion to Quash and for Protective Order, Dkt. No. 37; and Defendant David Girard's Motion to Expedite Hearing, Dkt. No. 40.

## I. Procedural Background[1]

This is a breach of contract of insurance case seeking a judgment for insurance coverage pursuant to legal expenses incurred by Plaintiff in an unrelated state court lawsuit. *See* Dkt. No. 1 at 1. On October 18, 2016, Plaintiff Lewis Mechanical Sales, Inc. ("Lewis Mechanical") filed an original petition alleging a breach of contract claim and seeking damages against Defendants Union Standard Insurance Group, LLC ("Union Standard") and Union Insurance Company ("Union") in the 319th Judicial District Court in Nueces County, Texas. *See* Dkt. No. 1, Ex. B,

---

[1] Throughout this opinion, the Court refers to the parties' pleadings and summary judgment exhibits by the docket numbers they have been assigned under the Federal Judiciary's Case Management/ Electronic Case File (CM/ECF) system.

1 / 13



Pl.'s Orig. Pet. [hereinafter Pl.'s Orig. Pet.]. In this petition, Lewis Mechanical states that it is the owner of a "Commercial General Liability Policy" issued by Union Standard and Union, and that it seeks "monetary relief in excess of $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and reasonable and necessary attorney's fees" from these Defendants.[2] *Id.* at ¶¶ 2, 7. On October 31, 2016, Lewis Mechnical served Union with notice of its petition. Dkt. No. 7 at 1. On November 18, 2016, Union timely filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1441 and 1446, citing 28 U.S.C. § 1332 as the basis for removal providing this Court with subject matter jurisdiction. *See* Dkt. No. 1. On December 15, 2016, Lewis Mechanical served Union Standard with notice of its original petition. Dkt. No. 7 at 1. On December 16, 2016, without seeking leave of the Court, Lewis Mechanical filed a First Amended Petition that adds new claims alleging violations of the Texas Insurance Code and breach of good faith and fair dealing, and adds a new Defendant, David Girard ("Girard"), a Texas resident and Union Standard employee.[3] *See* Dkt. No. 6. On the same day, Lewis Mechanical filed an opposed motion to remand, arguing the Court lacks jurisdiction over this action for want of complete diversity between the parties. *See* Dkt. No. 7. Union responded to Lewis Mechanical's motion to remand on January 6, 2017, arguing that removal was proper as any non-diverse Defendants in this action were improperly joined. Lewis Mechanical replied to this response two months later, on March 7, 2017.[4] Dkt. No. 33.

---

[2] "Texas Rule of Civil Procedure 47 specifically requires [a] plaintiff to plead into one of five monetary categories, of which '$100,000 or less' is the lowest." *Findley v. Allied Finance Adjusters Conference, Inc.*, 2015 WL 7738077 at *2 (S.D.Tex. Dec. 1, 2015) (unpublished opinion) (citing to Tex. R. Civ. P. 47).

[3] Lewis Mechanical identifies Girard as "the litigation specialist [who] adjusted the claim at issue in this litigation for [Union Standard] and [Union]." Dkt. No. 6 at 4. Girard identifies himself as "a Litigation Specialist for and employed by Union Standard Insurance Group" (an "operating unit of Berkley Insurance Company") who "adjust[s] claims for various entities, including Union Insurance Company." Dkt. No. 1-3, Aff. of Girard.

[4] As Lewis Mechanical missed its deadline to reply by over forty-five days and did not ask for leave to file an untimely reply or otherwise justify its late reply, the Court will not consider this pleading here. *See* Chambers Civ. P. §5D.

Meanwhile, Union Standard filed a motion to dismiss Lewis Mechanical's original petition pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 5, 2017, Dkt. No. 10, and filed an answer to this petition on January 5, 2017, Dkt. No. 11. On January 6, 2017, Union filed a motion to strike Lewis Mechanical's first amended petition. Dkt. No. 12. Girard filed a Rule 12(b)(6) motion to dismiss the claims against him as alleged in Lewis Mechanical's first amended petition on January 25, 2017, Dkt. No. 16, and filed an answer to this first amended petition on January 25, 2017, Dkt. No. 17. Lewis Mechanical responded to Union Standard's motion to dismiss on January 26, 2017, Dkt. No. 18, and to its motion to strike on January 27, 2017, Dkt. No. 19. Union Standard replied to these responses on February 7, 2017, Dkt. No. 20, and February 9, 2017, respectively. On February 15, 2017, Lewis Mechanical responded Girard's motion to dismiss, Dkt. No. 24, to which Girard replied on March 1, 2017.

On March 6, 2017, Lewis Mechanical moved for leave to file a second amended petition, seeking to provide additional detail in support of its claims. Dkt. No. 30. Defendants responded collectively to this motion on March 27, 2017, alleging that it was untimely filed, and in any event is unsupported by good cause. Dkt. No. 36. Finally, on March 29, 2017, Girard filed an opposed motion to quash in regard to a notice of deposition and subpoena duces tecum served by Lewis Mechanical, Dkt. No. 37, and supported this motion in a declaration timely filed on April 3, 2017, Dkt. No. 39. On April 6, 2017, Girard filed a motion to expedite hearing pursuant to his opposed motion to quash, Dkt. No. 40.

## II. Pending Motions

### a. Motion to Remand

Federal district courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and complete diversity exists between the parties. 28 U.S.C. § 1332(a). District courts also have removal jurisdiction over any civil action within their original jurisdiction. *Id.* § 1441(a). Accordingly, a civil action filed in state court may be removed to the district court if the matter in

controversy exceeds $75,000 and complete diversity exists between the parties, provided that no defendant is a resident of the forum state. *See id.* § 1332(a); *see also id.* § 1441(a)–(b). For the purpose of determining federal diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, the parties agree that more than $75,000 in damages are in dispute, but disagree as to the citizenship of Union, and as to whether Union Standard and Girard are proper defendants in this action whose citizenship the Court must account for in its jurisdictional analysis.

The doctrine of "fraudulent" or "improper" joinder prevents a district court "from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction."[5] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 544 U.S. 992 (2005). The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573. In either case, "the burden is on the removing party to prove that the joinder of the in-state parties was improper[.]" *Id.* at 575. As to the second means of showing improper joinder, the germane question is "whether the Defendant has demonstrated that there is no possibility of recovery by the Plaintiff against an in-state defendant." *Id.* To assess this issue, the court "may conduct a Rule 12(b)(6)-like analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. Additionally, where a plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

---

[5] The Fifth Circuit employs "improper joinder" not "fraudulent joinder" to describe what is prohibited by 28 U.S.C. §§ 1359 and §1441(a), the statute addressing "proper" joinder, although the terms are substantively synonymous. *See* Smallwood, 385 F.3d at 572, n.1.

In its notice of removal of this action, Union, an Iowa corporation, alleges that it is the only proper Defendant in this action, and that, as a non-local Defendant, it is entitled to remove this action under § 1441(b)(2). Specifically, Union alleges that Union Standard, a Texas corporation, has "no relation . . . to the insurance policy at the center of [Lewis Mechanical's] breach of contract claim," and was improperly joined by Lewis Mechanical to defeat diversity. Dkt. No. 1 at 3, 5. In Lewis Mechanical's motion for remand, filed after the addition of Girard, a Texas resident, to its first amended petition, Lewis Mechanical argues that Union's removal of this action was inappropriate because: (i) Union has not shown that Union Standard was improperly joined in this action, (ii) Union Standard did not consent to removal, in violation of 28 U.S.C. § 1446(b)(2)(A), (iii) Union is actually a non-diverse Texas citizen, and (iv) Girard, too, is a non-diverse defendant whose presence in this action strips the Court of jurisdiction over Lewis Mechanical's claims. *See* Dkt. No. 7. Union's response to Lewis Mechanical's motion specifically denies each of these arguments and alleges that: (i) Union Standard was indeed improperly joined, as Lewis Mechanical has no possible claim against it, (ii) Union Standard's consent to removal was not required because it had not been properly served by the time Union filed its removal petition, (iii) Union is indeed diverse from Lewis Mechanical, as both its headquarters and principal place of business are in Iowa, and (iv) Girard was improperly joined in Lewis Mechanical's first amended petition, which in any case should be struck as it was filed without leave of court. *See* Dkt. No. 13.

As to whether Union Standard was properly joined, the parties do not dispute that this company is a Texas corporation which maintains its principal place of business in Texas. *See* Dkt. No. 7 at 4. The Court's analysis here therefore hinges on whether Lewis Mechanical can possibly establish a cause of action against Union Standard. Union alleges that it cannot, as Union alone issued the insurance policy underlying Lewis Mechnical's breach of contract claim, while Union Standard "was not involved" in issuing this policy or in adjusting Lewis Mechanical's claim under this policy. Dkt. No. 13 at 5. In its original petition, Lewis Mechanical states that its

insurance policy was issued by both Union and Union Standard. *See* Dkt. No. 1-2 at 2. Additionally, in its motion to remand, Lewis Mechanical asserts that it has a viable claim against Union Standard because it has received letters on Union Standard letterhead, including letters sent by Girard, a Union Standard employee who has admitted to his involvement in adjusting Lewis Mechanical's policy claim. *See* Dkt. 7 at 4, Dkt; No. 16 at 2. Yet Union makes no secret of its relationship to Union Standard, and neither do these letters. For instance, in an initial letter to Lewis Mechanical memorializing its purchase of an insurance policy with Union, the letterhead reads "Union Standard Insurance Group, a W.R. Berkley Company," yet clarifies that the letter is sent "on behalf of" various insurance companies, including Union. Dkt. No. 7-1 at 3. Additionally, the letterhead and Girard's email signature both include identical language admonishing their readers to "[r]efer to the policy for the applicable insurer, each of which has sole financial responsibility for its own products and services." Dkt. No. 7-1 at 5-6. Meanwhile, Girard states that he assisted in adjusting Lewis Mechanical's claim not on Union Standard's behalf, but instead "in his capacity as an agent for Union," and supports this assertion with a sworn affidavit. Dkt. No. 16 at 2; Dkt. No. 1-3, Aff. of Girard. Finally, Union submits with its response to Lewis Mechanical's motion to remand the entirety of its policy with Lewis Mechanical, which lists "Union Insurance Company" as the issuing insurer, and makes no reference to Union Standard. *See* Dkt. No. 13, Ex. B.

Based on the foregoing, it is clear that while Union is a member of the "Union Standard Insurance Group," it is a separate corporate entity that contracted independently with Lewis Mechanical to provide it with the insurance policy at issue in this litigation. Despite what its original petition asserts, therefore, Lewis Mechanical has no possible breach of contract claim against Union Standard. For this reason, the Court finds that Union Standard was improperly joined in this action.[6] Accordingly, Lewis Mechanical's second argument for remand, which

---

[6] The extent the Court's analysis might differ with respect to additional claims raised in Lewis Mechanical's first amended petition is irrelevant here, as the Court strikes this petition herein.

asserts that remand is required because Union Standard did not consent to its removal, fails too. A removal petition is only per se defective where all properly joined and served defendants have not consented to removal. *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Here, not only is it undisputed by the parties that Union Standard was not served by Lewis Mechanical until after Union removed this action, but the Court additionally finds that Union Standard is not a properly joined defendant in this action. Union Standard's consent was therefore not required before Union removed this action.

Lewis Mechanical also asserts that Union itself is not actually an Iowa corporation, but instead a local defendant, on the basis that it has a San Antonio address. Dkt. No. 7 at 2-3. Yet corporate citizenship for diversity purposes looks to where an entity is incorporated and where it has its "principal place of business," not merely to any jurisdiction in which it operates. *See* § 1332(c)(1). The parties do not dispute that Union is incorporated in Iowa, leaving only the location of its principal place of business in issue. Union states that, while it has many offices in the United States, its principal place of business is also in Iowa. Dkt. No. 13 at 2-4. It submits evidence to support this assertion, including the affidavit of Ty Simmons ("Simmons"), Union's Vice President, General Counsel, and Secretary, in which Simmons states that "[t]he overall operations for Union are directed, coordinated, and controlled at Union's corporate headquarters in Urbandale Iowa, including all financial compliance, the preparation of all financial statements, and the issuance of all claim payments and other checks." Dkt. No. 13-1, Aff. of Simmons. This description is sufficient to evidence Union's claim that its principal place of business is in Iowa, not Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (describing the "nerve center" of a corporation as its principal place of business.) The Court therefore finds Union's presence as a defendant in this action does not destroy removal jurisdiction.

Lewis Mechanical's final claim with respect to its motion for remand is that removal is improper here as Girard, a Texas resident, has been joined in this action pursuant to its first amended petition and destroys the complete diversity necessary

for this Court to retain jurisdiction. Yet this claim too is unavailing, as the Court strikes this first amended petition herein.

For all of the foregoing reasons, Lewis Mechanical's Motion to Remand, Dkt. No. 7, is **DENIED**.

### b. Union Standard's Motion to Dismiss

The Court's "12(b)(6)-like" analysis of whether Union Standard is a properly joined defendant in this action found that Lewis Mechanical failed to state a viable claim, let alone a plausible claim, against Union Standard in its original petition. For this reason, and because the Court herein strikes Lewis Mechanical's first amended petition and denies its motion to file a second amended petition, the Court **GRANTS** Union Standard's Motion to Dismiss Under FRCP 12(b)(6), Dkt. No. 10.

### c. Union's Motion to Strike Lewis Mechanical's First Amended Petition

Typically, plaintiffs may file an amended complaint once as a matter of right, without moving for leave of court, and district courts should freely grant leave to amend pleadings at any time "when justice so requires." Fed. R. Civ. P. 15(a). Yet greater scrutiny is required where a prospective amended pleading names "a new nondiverse defendant in a removed case." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) ("When a plaintiff seeks to add a non-diverse defendant whose joinder would defeat federal jurisdiction, the district court must consider the *Hensgens* factors.") Specifically, in such a case "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* Here, these factors weigh against allowing Lewis Mechanical leave to file its first amended petition.

Lewis Mechanical missed its deadline to file an amended petition as a matter of right under Rule 15(a), which allows parties this right within 21 days of serving

an initial petition. Fed. R. Civ. P. 15(a)(1). Further, Lewis Mechanical did not ask for leave of court or Union's consent before filing its first amended petition. *See* Fed. R. Civ. P. 15(a)(2). These bases alone would be enough for the Court to grant Union's motion to strike Lewis Mechanical's first amended petition. Yet the Court will also consider the *Hensgens* factors listed above here, as Lewis Mechanical has moved for leave to file a second amended petition attempting to join the same defendants and adding the same claims incorporated in its first amended petition. *Compare* Dkt. Nos. 6 and 31.

<u>Whether the purpose of the amendment is to defeat federal jurisdiction</u>

It is unavoidably telling that Lewis Mechanical sought to add Girard as a defendant in its first amended petition on the very day it filed its motion to remand, which argues that remand is required, in part, as a result of Girard's Texas citizenship. Yet, despite the first *Hensgens* factor's focus on the "purpose" of amendment, the Fifth Circuit has also warned that in assessing improper joinder and a plaintiff's ability to recover against an in-state defendant, "the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood,* 385 F.3d at 573-74. These holdings can be reconciled by confining the *Hensgens* analysis of the "purpose" of an amendment to an objective assessment of its language and the circumstances under which it was filed. Thus: "In analyzing the first *Hensgens* factor, courts consider 'whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed' and whether the plaintiff states a valid claim against the non-diverse defendant." *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D.Tex. 2016).

When Lewis Mechanical filed its state-court complaint against Union and Union Standard on October 18, 2016, it brought only a common-law breach of contract claim, and did not join Girard. *See* Pl.'s Orig. Pet. Yet Lewis Mechanical attaches to its motion to remand letters sent by Girard dating from March 31, 2015 through June 22, 2016 relating to Union's denial of insurance coverage to Lewis Mechanical under the policy at issue. *See* Dkt. No. 7-1. These letters affiliate Girard

with Union, and involve representations that might make the basis of at least the Texas Insurance Code violations Lewis Mechanical's first amended petition seeks to bring against him. *Id.* The Court therefore finds that at the time it filed its original petition, Lewis Mechanical knew or should have known Girard's identity.

Substantively, Lewis Mechanical describes its first amended petition as "add[ing] claims for violations of the Texas Insurance Code and misrepresentation against Mr. Girard, individually." Dkt. No. 7 at 5. Yet the petition itself makes broad claims against "Defendants" Union, Union Standard, and Girard that do not differentiate between the alleged acts of each. *See* Dkt. No. 6 at 6. In fact, Lewis Mechanical argues that it is effectively impossible to disentangle the roles of each party, alleging that "the true relationship between the entities is unknown, mysterious, and intentionally confusing" as a basis for its claim all that "Defendants [Union Standard] and [Union] are vicariously liable for the acts of each other, their agents, affiliates, and/or parent corporations[.]" *Id. W*hen Lewis Mechanical drafted its first amended petition, however, it had information at its disposal about Union and Union Standard's corporate forms and their legal relationship to each other and to Girard, per Union's notice of removal. The non-specific alter ego allegations contained in Lewis Mechanical's first amended petition are not, therefore, substantively compelling. Nor are they specific enough to state a plausible claim against Girard. *See Richardson*, 192 F.Supp.3d at 722 ("In keeping with *Smallwood*, the Fifth Circuit recently confirmed that the district court applies the federal 12(b)(6) pleading standard to judge the sufficiency of the plaintiff's complaint for the purposes of the improper joinder analysis.") (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016)).

Accordingly, the Court finds that the purpose of Lewis Mechanical's first amended petition is to defeat jurisdiction.

<u>Whether Lewis Mechanical was dilatory in amending</u>

Where a "proposed amendment would add a non-diverse defendant after removal and therefore defeat diversity jurisdiction. . . a delay in making the request to amend of two months after filing the original complaint or thirty days after the

notice of removal has been found dilatory." *Richardson*, 192 F.Supp.3d at 727 (citations omitted). Here, Lewis Mechanical filed its first amended petition precisely two months after filing its original petition in state court, and approximately one month after Union filed its notice of removal. Additionally, Lewis Mechanical had knowledge of Girard's identity before filing its original petition. The Court therefore finds that Lewis Mechanical was dilatory in seeking to amend its original petition.

<u>Injury to Lewis Mechanical if amendment is not allowed</u>

Relevant to assessing Lewis Mechanical's injury if its first amended petition adding claims and Girard as a defendant is not allowed is whether Lewis Mechanical "can be afforded complete relief in the absence of the amendment." *Richardson*, 192 F. Supp. at 727. Lewis Mechnical's initial petition seeks breach of insurance contract damages. Disallowing the joinder of Girard in an amended petition will not affect Lewis Mechanical's ability to seek this relief. Nor is there any reason to expect that, absent Girard's presence in this litigation and Lewis Mechanical's inability to bring claims against Girard individually, Lewis Mechanical will not be able to satisfy any successful breach of contract claim, or even any Texas Insurance Code or breach of good faith and fair dealing claim, it might allege against Union. The Court therefore finds the injury to Lewis Mechanical from disallowing its first amended petition is slight.

<u>Other equitable factors</u>

The Court is not aware of any equitable factors which would weigh substantially against denying Lewis Mechanical leave to file its first amended petition.

According to its analysis of all of the *Hensgens* factors, the Court **GRANTS** Defendant Union Insurance Company's Motion to Strike Plaintiff's First Amended Petition, Dkt. No. 12.

### d. Lewis Mechanical's Motion for Leave to File a Second Amended Petition

Lewis Mechanical's motion for leave to file its second amended petition states that it was filed to provide "additional information regarding its claims." Dkt. No. 30 at 2. The proposed petition itself in fact differs very little in substance from Lewis Mechanical's first amended petition, and still lists both Union Standard and Girard as defendants. As the Court has found as a matter of law that Union Standard is an improperly joined defendant in this action, it would deny Lewis Mechanical's motion on this ground alone. Yet for clarity of record, the Court additionally advises Lewis Mechanical here that it will not consider any amended petition that seeks to add Girard as a defendant, pursuant to the *Hensgens* analysis above.

Again, the first *Hensgens* factor looks to whether Lewis Mechanical knew or had reason to know of a putative defendant's identity before filing an initial complaint, and whether a plaintiff has stated a valid claim against a non-diverse putative defendant. Theoretically, the second prong of this analysis could demand a different outcome every time Lewis Mechanical seeks to amend its petition and join a non-diverse defendant. Indeed, in the second amended petition Lewis Mechanical seeks to file, specific and individual claims against Girard are articulated pursuant to the Texas Insurance Code that might, unlike the claims in Lewis Mechanical's first amended petition, satisfy a Rule 12(b)(6) analysis. Further, contrary to what Union argues in its motion to strike Lewis Mechanical's first amended petition, "Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities." *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Yet while nothing prevents Lewis Mechanical from moving for leave to file another amended complaint incorporating new common law and statutory claims against Union, the Court here holds that the remainder of the *Hensgens* factors will always bar Lewis Mechanical from adding Girard as a defendant in this action.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File a Second Amended Petition, Dkt. No. 30.

> **e. Girard's Motion to Dismiss, Motion to Quash and for Protective Order, and Motion to Expedite Hearing**

As the Court dismisses here Girard as a Defendant in this action, it **STRIKES AS MOOT** the remainder of his pending motions, Dkt. Nos. 16, 37, and 40.

## III.    Conclusion

For the foregoing reasons, the Court:

- **DENIES** Plaintiff's Motion to Remand, Dkt. No. 7;
- **GRANTS** Union Standard Insurance Group, LLC's Motion to Dismiss Under FRCP 12(b)(6), Dkt. No. 10;
- **GRANTS** Defendant Union Insurance Company's Motion to Strike Plaintiff's First Amended Petition, Dkt. No. 12;
- **DENIES** Plaintiff's Motion for Leave to File a Second Amended Petition, Dkt. No. 30; and
- **STRIKES AS MOOT**:
  - David Girard's Motion to Dismiss under FRCP 12(b)(6), Dkt. No. 16;
  - David Girard's Opposed Motion to Quash and for Protective Order, Dkt. No. 37; and
  - David Girard's Motion to Expedite Hearing, Dkt. No. 40.

Accordingly, the Court additionally directs the Clerk to **DISMISS** Union Standard Insurance Group, LLC and David Girard from this action.

It is so ORDERED.

SIGNED this 7th day of April, 2017.

Hilda Tagle
Senior United States District Judge

*handwritten: 5-2-17 10:30 am DWP*

**Citation for Personal Service –RESIDENT**

Case Number: **2017DCV-1765-D**

THE STATE OF TEXAS

     NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:  **David Girard**
      **222 W Las Colinas Blvd., Suite 1300**
      **Irving TX  75039**
      **Or Wherever He May Be Found**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition & Civil Case Information Sheet:** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Jack W. Pulcher**, **105th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 13th day of April, 2017.  A copy of same accompanies this citation.

The file number of said suit being Number:  **2017DCV-1765-D**

The style of the case is:  **Lewis Mechanical Sales, Inc.  vs.  David Girard, Indivi., & Union Standard Insurance Group**

Said Petition was filed in said court by **John P Swallow**, attorney for Plaintiff, whose address is 615 N Upper Broadway Suit 2000  Corpus Christi Tx  78401-0781 .

     The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

     The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

     Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 20th day of April, 2017.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
Victoria Radke

**Exhibit "H"**

## RETURN OF SERVICE

2017DCV-1765-D

**LEWIS MECHANICAL SALES, INC.**
VS.
**DAVID GIRARD, INDIVL., & UNION STANDARD INSURANCE GROUP**

105TH DISTRICT COURT

Name _____

**ADDRESS FOR SERVICE**
**David Girard**
**222 W Las Colinas Blvd., Suite 1300**
**Irving TX 75039**
**OR Wherever He May Be Found**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the *1st* day of *MAY*, 20 *17*, at *3:25* o'clock *P*. m., and executed in
*Dallas* County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the
date of delivery endorsed thereon, together with the accompanying copy of the *Plaintiff's Original*
*Petition*, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|-------------------------------------------|
| *David Girard* | | *222 W. Las Colinas Blvd, Suite 1300* |
| | | *Irving, Tx 75039* |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees: _____ , Officer
Serving Petition and Copy  $_____ _____ , County, Texas *SCH 9027*
Total  $_____  By _____ , ~~Deputy~~ *Exp: 8-31-17*

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the
return shall be signed under penalty of perjury and contain the following statement:
"My name is *Douglas Wayne Mathews*, my date of birth is *2-7-1955*, and my
⎵⎵⎵(First, Middle, Last)⎵⎵⎵
address is *835 E. Anna Blvd Suite 301, Arlington, Tx 76011*
⎵⎵⎵(Street, City, State, Zip, Country)⎵⎵⎵
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.
Executed in *Dallas* County, State of *Texas*, on the _____ day
of *May*, 20 *17*.

_____
Declarant / Authorized Process Server
*SCH 9027*    *8-31-17*
ID# & Expiration of Certification

COPY

5-2-17
10:25 AM
DWP

## Citation for Personal Service –RESIDENT

Case Number: **2017DCV-1765-D**

THE STATE OF TEXAS

NOTICE TO DEFENDANT:   You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:   **Union Standard Insurance Group**
**C/O Ty Collin Simmons, Registered Agent**
**222 W Las Colinas Blvd., Suite 1300**
**Irving Tx  75039**
**OR Wherever He May Be Found**
the Defendant,

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition & Civil Case Information Sheet;** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the **Honorable Jack W. Pulcher**, **105th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said Petition was filed on the 13th day of April, 2017.  A copy of same accompanies this citation.

The file number of said suit being Number:  **2017DCV-1765-D**

The style of the case is:  **Lewis Mechanical Sales, Inc.  vs.  David Girard, Indivi., & Union Standard Insurance Group**

Said Petition was filed in said court by **John P Swallow**, attorney for Plaintiff, whose address is 615 N Upper Broadway Suit 2000  Corpus Christi Tx  78401-0781 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 20th day of April, 2017.

**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _____, Deputy
Victoria Radke

## RETURN OF SERVICE

2017DCV-1765-D

**LEWIS MECHANICAL SALES, INC.**
**VS.**
**DAVID GIRARD, INDIVI., & UNION**
**STANDARD INSURANCE GROUP**

105TH DISTRICT COURT

Name _____

**ADDRESS FOR SERVICE**
**Union Standard Insurance Group**
**C/O Ty Collin Simmons, Registered Agent**
**222 W Las Colinas Blvd., Suite 1300**
**Irving TX  75039**
**OR Wherever He May Be Found**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _1st_ day of _May_, 20_17_, at _3:15_ o'clock _P_. m., and executed in _Dallas_ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the _Plaintiff's Original Petition_, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|---|---|---|
| Union Standard Insurance Group C/O Ty Collins Simmons Registered Agent | | 222 W. Las Colinas Blvd Suite 1300 Irving, Tx 75039 |

And not executed as to the defendant(s)

The diligence used in finding said defendant(s) being: _____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Fees: _____, Officer
Serving Petition and Copy   $_____   _____ County, Texas
Total   $_____   By _____ Deputy SCH 9027
EXP: 8-31-17

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _Douglas Wayne Patman_, my date of birth is _2-7-1955_, and my
            (First, Middle, Last)

address is _835 E. Lamar Blvd, Suite 301, Arlington, Tx 76011_
            (Street, City, State, Zip, Country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _Dallas_ County, State of _Texas_ on the _____ day of
of _May_, 20_17_.

_____
Declarant / Authorized Process Server
SCH 9027          8-31-17
ID# & Expiration of Certification

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| LEWIS MECHANICAL SALES, INC., | § | |
| | § | Civil Case No. _____ |
| Plaintiff, | § | |
| | § | |
| vs. | § | NOTICE OF REMOVAL |
| | § | |
| DAVID GIRARD, Individually, and | § | |
| UNION STANDARD INSURANCE GROUP, | § | |
| | § | **JURY REQUESTED** |
| Defendants. | § | |

<u>**INDEX OF MATTERS BEING FILED**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BERKLEY INSURANCE COMPANY (improperly named as UNION STANDARD INSURANCE GROUP), Defendant, and files this its Index of Matter Being Filed and would show onto the Court:

1. Return of Service for Citation as to Union Standard Insurance Group

2. Return of Service for Citation as to David Girard

3. Affidavit of Dave Girard

4. Affidavit of Ty Simmons

5. Plaintiff AAON's Amended Petition, Cause No. 2014DCV-6027-B, *AAON vs. CJO Enterprises, Inc. and Adsil, Inc.*

6. Plaintiff's Original Petition, Cause No. 2016-DV-5262-G in the 319th JDC, Nueces County, Texas.

7. Second Amended Complaint, Case 2:16-cv-00496, *Lewis Mechanical vs. Union Insurance Company* (03/06/2017)

8. Order, Case 2:16-cv-00496, *Lewis Mechanical vs. Union Insurance Company* (04/07/17).

**Exhibit "I"**

**INDEX OF MATTERS BEING FILED –PAGE 1**

9.      Docket Sheet/ Register of Actions

10.     Index of Matter Being Filed

11.     List of All Counsel of Record

12.     State Court Notice of Removal

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | | |
|---|---|---|---|
| LEWIS MECHANICAL SALES, INC., | § | | |
| | § | Civil Case No. _____ | |
| Plaintiff, | § | | |
| | § | | |
| vs. | § | NOTICE OF REMOVAL | |
| | § | | |
| DAVID GIRARD, Individually, and UNION | § | | |
| STANDARD INSURANCE GROUP, | § | | |
| | § | **JURY REQUESTED** | |
| Defendants. | § | | |

### LIST OF ALL COUNSEL OF RECORD

TO THE HONORABLE JUDGE OF THE COURT:

      Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, Defendant Berkley Insurance Company (improperly named as Union Standard Insurance Group) files this List of all Counsel of Record and would respectfully show the Court as follows:

Van Huseman
Texas Bar No. 10323500
Eric Stewart
Texas Bar No. 24058133
John Swallow
Texas Bar No. 24085611
Huseman & Stewart, PLLC
615 N. Upper Broadway, Suite 2000
Corpus Christi, Texas 78401-0781
Tel. No. (361) 883-3563
Fax. No. (361) 883-0210
vhuseman@husemanstewart.com
Attorney for Lewis Mechanical Sales, Inc.

Eric Stewart
Texas Bar No. 24058133
Huseman & Stewart, PLLC
615 N. Upper Broadway, Suite 2000
Corpus Christi, Texas 78401-0781
Tel. No. (361) 883-3563
Fax. No. (361) 883-0210
estewart@husemanstewart.com
Attorney for Lewis Mechanical Sales, Inc.

**Exhibit "J"**

John Swallow
Texas Bar No. 24085611
Huseman & Stewart, PLLC
615 N. Upper Broadway, Suite 2000
Corpus Christi, Texas 78401-4781
Tel. No. (361) 883-3563
Fax. No. (361) 883-0210
jswallow@husemanstewart.com
Attorney for Lewis Mechanical Sales, Inc.

Oralia Guzmán
Texas Bar No. 24041029
S.D. Tex. Id. No. 3049525
GRIFFITH LAW GROUP, LLP
801 E. Fern Avenue, Suite 170
McAllen, Texas 78501
Tel. No. (956) 971-9446
Fax. No. (956) 971-9451
oguzman@rgvfirm.com
Attorney for Berkley Insurance Company

John R. Griffith
Texas Bar No. 08480750
S.D. Tex. Id. No.  12186
GRIFFITH LAW GROUP, LLP
801 E. Fern Avenue, Suite 170
McAllen, Texas 78501
Tel. No. (956) 971-9446
Fax. No. (956) 971-9451
jrg@rgvfirm.com
Attorney for Berkley Insurance Company

Beth D. Bradley
State Bar No. 06243900
Southern District Bar No. 18053
TOLLEFSON BRADLEY MITCHELL &
MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)
bethb@tbmmlaw.com
Attorney for Berkley Insurance Company

CAUSE NO. 2014DCV-6027-B

| | | |
|---|---|---|
| **AAON** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **117TH JUDICIAL DISTRICT** |
| | § | |
| **CJO ENTERPRISES, INC. and** | § | |
| **ADSIL, INC.** | § | **NUECES COUNTY, TEXAS** |
| *Defendants* | § | |

## PLAINTIFF AAON'S AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AAON, formerly Defendant/Cross-Claimant in the above-numbered cause, and following a re-alignment of the parties by the Court now appears as Plaintiff and files this its Amended Petition against Defendants Adsil, Inc. ("Adsil") and CJO Enterprises, Inc. ("CJO"), and in support thereof would respectfully assert the following:

### DISCOVERY LEVEL

1.     AAON intends to conduct discovery under Level 3 of Rule 190.

### PARTIES

2.     CJO and Adsil have appeared by way of counsel in this matter, and service may be had on Defendants through service upon their counsel of record.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction over the dispute because the transaction that forms the basis of this lawsuit and the damages claimed by AAON exceed the minimum jurisdictional requirements of this Court.   AAON seeks monetary relief over $200,000 but not more than $1,000,000.

**Exhibit "K"**

4.      Venue for these claims is proper in Nueces County pursuant to Texas Civil Practice & Remedies Code §§ 15.002 and 15.062.

## FACTS AND CAUSES OF ACTION

5.      This case arose out of a protective coating called "Adsil Microguard" that was manufactured by Adsil and applied to the AAON HVAC equipment at issue by CJO.

6.      Calallen Independent School District ("CISD"), the original plaintiff in this suit, alleged the Adsil coating caused premature degradation and corrosion of its HVAC condenser coils at five CISD schools.

7.      CISD alleged the Adsil Microguard "product failed in its intended purpose to protect the HVAC coils, and such failure may in reasonable probability be attributed, jointly and severally, to Defendant Adsil's negligent failure to warn others about the proper use of Adsil's product(s), and Defendant CJO's negligent failure to properly install or apply the product in question." (Pl.'s 8th Am. Pet. at 6–7.)

8.      CISD alleged several causes of action related to the Adsil Microguard protective coating against the general contractors, HVAC contractors, and manufacturers of the HVAC equipment, including HVAC equipment manufacturer AAON.

9.      AAON manufactured some thirty (30) rooftop units for the CISD construction projects at issue in this litigation. The AAON units sold to the HVAC contractors for the CISD projects did not have a factory-applied coating. CISD and the general contractors requested an Adsil Microguard coating be applied to the units after they were delivered from the factory and installed at the CISD schools, in lieu of AAON's factory-applied coating.

10.     AAON is not in the business of selling, marketing, or distributing Adsil. However, for certain transaction related to the CISD construction projects, Adsil was placed on the AAON

sales documents with the understanding it was not an AAON factory-applied coating, but was to be applied by CJO after the units were delivered and installed. The Adsil coating constituted a pass-through transaction with the money for the Adsil product going to CJO. AAON was an "innocent seller" of the Adsil Microguard coating with no responsibility for the Adsil product except for its role as an intermediary that sold it down the stream of commerce.

11.     CISD's claims against AAON were premised on what amounted to a strict liability theory. CISD alleged AAON was liable for having placed the Adsil product into the stream of commerce. (Pl.'s 13th Am. Pet. at 4.) There were no allegations that AAON acted negligently, altered the product in any way, or was involved in the application of the product. Liability was premised solely on the insufficiency of the Adsil product to protect the HVAC equipment from corrosive attack, rather than any specific defect or problem with the AAON equipment.

12.     AAON is not a distributor of Adsil, and the protective coating manufactured by Adsil and applied by CJO was not modified or altered in any way by AAON.

13.     The AAON equipment delivered to the CISD projects conformed with the products ordered and the CISD project specifications. CISD did not allege, nor was there any evidence, AAON's equipment, as delivered and installed, was defective or not in conformity with the contractors' order forms.

14.     Upon information and belief, no party ever provided notice of a defect, non-conformity of goods, or a warranty claim as to the AAON equipment. The warranty claims asserted were made with regard to the Adsil Microguard coating and work performed by CJO.

15.     CISD non-suited or settled its claims against all Defendants in this matter. CISD non-suited AAON on December 14, 2016, prior to reaching a settlement with the remaining parties. (*See* Pl.'s Thirteenth.2 Am. Pet.)

16.     AAON incurred substantial expenses in excess of $200,000 to defend against CISD's claims and is entitled to indemnification from CJO and Adsil.

17.     Under Texas law, AAON qualifies as an "innocent seller" of the Adsil product and is entitled to recover its reasonable expenses and attorney's fees in defending this case.

## INDEMNITY

18.     AAON seeks indemnity pursuant to Chapter 82 of the Civil Practice & Remedies Code, Chapter 2 of the Texas Business & Commerce Code, contract, common law, and/or other Texas law.

19.     AAON seeks indemnification from CJO and Adsil for its reasonable attorney's fees, expert witness costs, and other reasonable expenses in defending the CISD litigation and in enforcing its right to indemnification in this suit.

20.     As the manufacturer and distributor of the Adsil Microguard product, Adsil is required to indemnify AAON as an "innocent seller" of its product pursuant to Section 82.002 of the Texas Civil Practice & Remedies Code.

21.     As the manufacturer, compounder, applicator, and installer of the Adsil Microguard product, CJO is required to indemnify AAON as an "innocent seller" of the product pursuant to Sections 82.002 and 82.003 of the Texas Civil Practice & Remedies Code.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, AAON respectfully requests Defendants be cited to appear and answer and that on final hearing Plaintiff have judgment entered against Defendants for the following:

   a.  AAON'S reasonable attorney's fees and expenses incurred in defending this suit and enforcing its right to indemnification.

b. Pre-judgment and post-judgment interest.

c. Court costs.

d. All other relief to which AAON is entitled and such other relief as justice may require.

Respectfully submitted,

/s/   JOHN SWALLOW
VAN HUSEMAN
State Bar No. 10323500
vhuseman@husemanstewart.com
JOHN SWALLOW
State Bar No. 24085611
jswallow@husemanstewart.com
HUSEMAN & STEWART, PLLC
615 N. Upper Broadway, Suite 2000
Corpus Christi, TX 78401
Tel: (361) 883-3563; Fax: (361) 883-0210
*Attorneys for Defendant AAON*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served upon the following person on January 24, 2017 via email and/or electronic service:

Mr. William A. Abernethy
**DONNELL, ABERNETHY & KIESCHNICK, P.C.**
555 N. Carancahua, Ste. 1770
Corpus Christi, Texas 78401-0853
Email: babernethy@dakpc.com
*Attorney for Defendant CJO Enterprises, Inc.*

Mr. David W. Medack
Mr. Michael Dunnahoo
**HEARD & MEDACK, PC**
9494 Southwest Freeway, Suite 700
Houston, Texas 77074
Email: dmedack@heardmedackpc.com
Email: MDunnahoo@heardmedackpc.com
*Attorneys for Defendant Adsil, Inc.*

/s/ JOHN SWALLOW

_____

JOHN SWALLOW